## CALVERT v. NICKLES.

1.  The complaint alleged that defendant had received a deed of conveyance from the father of plaintiffs, the consideration in part being the agreement by defendant to pay to the plaintiffs the sum of $100 each, and the judgment demanded was that defendant be decreed to perform his agreement and pay this money, and that this debt be declared a lien on the land, and that the land be sold for its payment.   *Held,* that it was purely an action at law for the recovery of money under contract.   The prayer for relief does not give character to an action.
2.  This court has no jurisdiction to review findings of fact by the Circuit Court in actions at law.

3. General exceptions not considered.
4. Parol evidence is admissible to show the manner in which the consideration or purchase money expressed in a deed of conveyance is to be paid and to whom payable.
5. After consenting to an order referring all the issues in a law case to the master and his report thereon, a party to the cause cannot demand a jury trial.
6. And the Circuit Judge has the right to review and reverse the master's findings of fact in such case.

Before HUDSON, J., Abbeville, October, 1886.

This was an action by Susan E. Calvert, Rebecca Hannah, and Clementine H. McIlwaine against George E. Nickles and three infants named Mundy. The opinion states the case. The Circuit decree or judgment was as follows :

It is claimed by the plaintiffs that George Nickles, their father, during his life-time, sold to his son, George E. Nickles, one of the defendants, a tract of 218 acres of land for one thousand dollars, of which purchase money the vendee promised to pay one hundred dollars to each of the plaintiffs, and one hundred dollars among them to the Mundy children, the other defendants, who are minors and made defendants for form's sake, as they will not join the plaintiffs in the action. They allege that the land was sold on this condition, and these sums of money are therefore a lien upon the land which they seek to sell for payment thereof. The defendant, George E. Nickles, denies the contract.

The master, to whom the case was referred, has reported adversely to the plaintiffs, and recommends that the complaint be dismissed. In the investigation before the master, it was considered that section 400 of the Code excludes the parties to this action from testifying to any transaction or communication with George Nickles, the deceased grantor. Yet George E. Nickles was allowed to testify very fully as to the contract with his father. Now, I am very sure that there is no evidence which makes this four hundred dollars a charge upon the land. The deed is in evidence and is silent on the subject, being an absolute conveyance in fee simple, so *that* relief cannot be granted. Viewing the case, then, as an action to recover money upon a promise made to another for the benefit of the plaintiffs and the Mundy children,

does section 400 of the Code restrict the testimony of George E. Nickles? None of the parties are suing or defending as executors, administrators, devisees, legatees, assignees, &c. It is an action on a promise alleged to have been made by George E. Nickles to George Nickles, his father, to pay certain sums of money to the other parties to the action. The promise, in the eye of the law, is made to the claimants upon a valuable consideration paid by the said father. Now, viewing it in this light, I see nothing in section 400 of the Code to disable any of the parties from testifying as to the transactions between the contracting parties, so far as they have knowledge thereof. The plaintiffs could not speak of declarations of the deceased unless they formed part of the *res gestae*, but the defendant could testify as to all that occurred between himself and his father forming a part of the contract. The construction favors G. E. Nickles, so it strikes me.

Therefore, I have considered the whole testimony as reported by the master, and after a review thereof I am constrained to take a different view of it. The testimony of George E. Nickles alone is, in my opinion, pretty strong against him. When taken, however, in connection with all the testimony in the case, it convinces me that George E. Nickles did promise his father to pay these sums of money as part of the purchase money of this land.

It is therefore ordered, adjudged, and decreed, that the master's report be overruled, and that the said defendant, George E. Nickles, do pay to each of the plaintiffs one hundred dollars, and to his co-defendants, John T. Mundy, Mary E. Mundy, and William H. Mundy, jointly, one hundred dollars, and that he do pay the costs of this action. It is further ordered, that the parties have leave to enter up judgment and issue execution in accordance with this money decree.

*Messrs. Benet & Smith,* for appellant.

*Messrs. Graydon & Graydon,* contra.

March 17, 1887. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The action below was brought by the plaintiffs to recover one hundred dollars each, and also one

hundred dollars for the Mundy defendants, in all $400, from the defendant, George E. Nickles, claimed under the following alleged facts, to wit: That some time in the year 1882, one George Nickles, the father of the plaintiffs and of the defendant, George E. Nickles, and grandfather of the Mundy defendants, agreed to and did convey to the said George E. Nickles a certain tract of land situate in Abbeville County, upon the consideration that he, George E., would pay to these plaintiffs one hundred dollars each, and to the Mundy children one hundred dollars; that the land was valued at $1,400, but the consideration expressed in the deed was $1,000, the land being valued at one thousand in the deed to equalize George E. as an advancement with others of the children. Upon these allegations, and others not important to state, the plaintiffs demanded judgment, that George E. be compelled to perform the agreement, and that the sums agreed to be paid as above be declared to have lien on the land, &c.

The case was referred to the master to take the testimony and report upon all the questions of law and fact, the answer having denied the allegations in the complaint, and claiming that the land had been conveyed absolutely to the defendant free of all conditions. The master reported, in substance, that there had at one time been an agreement between George Nickles and his son, George E., of the kind alleged, but that afterwards this agreement was rescinded and a new contract was entered into, by which only a portion of the land was conveyed to George E. for one hundred dollars, the remainder having been sold by the father to another party, and that there was no agreement on the part of George E., in the last purchase of the land, to pay the plaintiffs or the Mundy defendants anything. He therefore recommended that the complaint be dismissed. His honor, Judge Hudson, who heard the report of the master upon exceptions, found, upon the evidence submitted with the report, that there was such agreement as was alleged in the complaint, and while he declined to adjudge that the claim of plaintiffs should have a lien on the land, he decreed that George E. should pay the plaintiffs and the Mundy defendants the amounts claimed, and that they should have leave to enter judgment and issue execution in accordance with the decree.

The defendant, George E., appealed:

1. "Because his honor erred in holding that George E. Nickles was allowed to testify very fully as to the contract with his father, whereas, in fact, said George E. was only permitted, under the master's ruling, to give the whole of the conversation, part of which plaintiffs' witnesses had given in evidence.

2. "Because his honor erred in not holding that George Nickles, sr., and George E. Nickles did enter into an agreement, 'such as is set forth in the complaint, but that said agreement was abandoned and a new agreement, which both parties performed, was substituted therefor.'

3. "Because his honor erred in holding and decreeing that the defendant, George E. Nickles, should pay to each of the plaintiffs one hundred dollars.

4. "Because his honor erred in holding and decreeing that the defendant, George E. Nickles, should pay to his co-defendants, jointly, one hundred dollars.

5. "Because his honor erred in not allowing the defendant, George E., credit for the one hundred dollars which he paid his father when the deed was executed.

6. "Because his honor erred in not holding that the consideration, as expressed in the deed of George Nickles, sr., to George E. Nickles, could not be varied or contradicted by parol evidence.

7. "Because his honor erred in overruling the master's report and giving the plaintiff and said defendants judgment at law, whereas his honor having found and decreed that said action is simply an action at law to recover money, should have presented the issue therein contained to a jury on the law side of the court, and judgment should have been given accordingly, or the case should have been referred back to the master for a new trial and hearing.

8. "Because his honor having held that this was an action at law, erred in reviewing the facts as found by the master."

An important question in the case, and one which meets us at the threshold, is, what is the character of this case? Is it a case at law, or a case in chancery? The judgment demanded by the plaintiffs belongs to chancery, and the remedy sought, specific performance, &c., is an equity remedy, but the prayer of the complaint is not the matter which makes the character of an action,

and determines whether it is one at law or chancery. The cause of action and the facts alleged, constituting its basis, determine this fact, the remedy sought being in fact no part of the action itself. Now, what is really the cause of action here, as ascertained by the facts alleged in the complaint? . Is it anything more than . a plain money demand, arising upon contract? The plaintiffs allege that an agreement was entered into by their father and brother, in which the brother contracted upon a sufficient consideration, to wit, the conveyance of land, to pay them each one hundred dollars, &c., and that he has failed to do so, and they ask that he be required to perform this agreement and that they may have a lien on the land purchased to that end. This is not an agreement of the kind which is sometimes enforced by a decree of specific performance, and the parties certainly have no right of lien prior to that which an ordinary judgment would give. So that there is no shadow of an equity cause of action alleged.

The defendant has not objected to the right of the plaintiffs to sue on the contract made with their father, nor that there has been misjoinder of actions interposed by demurrer or otherwise. These objections, if any, seem to have been waived, and we must take the case as we have found it, and that is, a joint action for the recovery of money on a promise to pay each of the plaintiffs and the Mundy defendants a certain sum, the Mundy children being made defendants because they did not consent to join as plaintiffs. The case, then, being a case at law, no question can arise before us except a question of law brought by exception, in which a legal proposition is announced and error assigned.

It will be found that several of the exceptions of appellant herein above, tested by this rule, must be excluded from consideration, as either raising questions of fact, or failing to raise any distinct question of law. Take the first. This raises a question of fact, and one which is not involved in the issue. The error alleged is, that his honor held (stated in his decree) that George E. Nickles had been allowed by the master to testify fully as to the contract with his father, when appellant contends that he was only allowed to testify partially. Let this be the one way or the other, the exception raises no question for us. The 2d is a clear and distinct question of fact. The 3d and 4th are too

general, and more in the nature of the usual last ground of appeal under the old practice, to wit, "That the judgment was against law and fact," which has been often held as raising no question for this court under the law now governing appeals. The 5th exception: "Because George E. Nickles was not allowed credit for the one hundred dollars he paid on his purchase." This was not the result of any legal error, if error at all. We suppose it was not allowed, because there was no evidence that any part of this $100 went to the claimants, which was a question of fact.

6th. "That his honor erred in not holding that the consideration expressed in the deed could not be varied or contradicted by parol evidence." The doctrine that parol evidence is not admissible to contradict or alter a written instrument, is well established—no doubt about this; but we do not see that this rule has been violated here. The purpose of the plaintiffs in introducing the testimony objected to was not to alter, add to, or contradict the deed, or to change its character in any way; it was simply to show the manner and to whom the purchase money was to be paid. This under the case of *Curry* v. *Lyles* (2 *Hill*, 404), we think was unobjectionable.

The 7th and 8th exceptions raise the main questions involved, to wit: Should the case have been referred to a jury? And did the judge have the right to review and reverse the findings of fact by the master? It is stated in the "Case" that on motion of plaintiffs' attorneys, the attorney of George E. Nickles consenting, the case was referred to the master to take the testimony and report upon all the questions of law and fact. Parties have a right even in a jury case to dispense with a jury trial and to submit their controversies to the judge, master, or referee; and having done so, they cannot object to such reference on the ground that the judge did not order a jury trial.

As to the right of the judge to review and reverse the findings of fact by the master, I will say that at one time I was very much impressed with the idea that this could not be done in a case at law; that such findings were like a special verdict by a jury, and were binding like the verdict of a jury. And I so expressed myself in the cases of *Meetze* v. *Railroad Company*,

23 *S. C.*, 1, and *Griffith* v. *Railroad Company, Ibid.*, 37. But I was overruled by my bretheren, the majority of the court; and though I am not entirely convinced that I was in error, yet I am convinced that the opinion of the majority, as announced in those cases, is the law of this State on that subject, and as is my duty, I cheerfully yield to it, and shall fully concur in enforcing it in the future. Those cases are authority for a Circuit Judge to review the findings of fact by a master or referee in a case at law, to reverse them, and to substitute findings of his own, and upon such findings to predicate the law. The Circuit Judge here has done nothing more than this, and he was not in error in doing this.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed, in so far as the rights of the plaintiffs are concerned. But that it be reversed as to the Mundy defendants, said defendants not having excepted to the master's report, which was against them, and binding upon them in the absence of exception.

Petition for rehearing was filed by Graydon & Graydon, attorneys for E. S. F. Giles, alleging, under his oath, "that he was the guardian *ad litem* of the Mundy children; that the report of the master in said case was never served upon him, and he therefore had no opportunity to except to said report; that no notice of appeal from the decree of Judge Hudson was ever served upon him as guardian *ad litem* for said infant defendants, as will appear by the printed Brief of this case for hearing in the Supreme Court; that he did not know that said case was pending in the Supreme Court until after the opinion in the case was filed."

It should be stated here that the Brief shows that the answer of the infant defendants was signed only by the guardian *ad litem*, that the order of reference was granted "on motion of Graydon & Graydon, plaintiffs' attorneys," "the attorneys for the defendant, George E. Nickles, consenting;" the exceptions to the master's report were taken "by the plaintiffs," and were signed "Graydon & Graydon, plaintiffs' attorneys," and were served on the clerk, the master, and the attorneys for George E. Nickles; and that the notice of appeal from Judge Hudson's decree was

addressed to and served on the judge, the clerk, and "Graydon & Graydon, plaintiffs' attorneys."

Upon this petition the following order was endorsed May 16, 1887 :

Per Curiam. The record showing that this action was brought for the benefit of the plaintiffs, and the Mundy children as well, all of whom were represented by Messrs. Graydon in the court below ; and it appearing that notice of the filing of the master's report, and the defendant's exceptions for appeal to this court, were properly served on Messrs Graydon, as plaintiffs' attorneys, this included the Mundy children. There is, therefore, no ground for a hearing. The petition is dismissed.