WILLCOX v. PRIESTER.

1. REAL PROPERTY—EQUITY—DEFENSE—DEED—CANCELLATION OF IN-
STRUMENTS.—In an action for possession of land, it is a proper de-
fense to set up a right to the cancellation of a conveyance on the
ground of fraud, so as to defeat the action.

2. IBID.—DEED—FRAUD—PAROL.—When facts alleged as to obtaining
a deed amount to fraud, parol evidence is admissible to contradict,
vary, or explain the conveyance.

3. IBID.—IBID.—PAROL.—The true consideration of a deed and manner
in which it was to ·be paid may be shown by parol.

Before                     , J., Barnwell, February, 1903.
Affirmed.

Action by Mabel Wilcox and Eleanor Wilcox against D.
R. Priester. From judgment for defendant, plaintiffs ap-
peal.

*Mr. I. L. Tobin,* for appellants, cites: *Party cannot deny
truth of recitals in deed:* 3 Ency., 1 ed., 828; 2 Hill, 105;
22 S. E., 413; 5 Ency., 1 ed., 436. *Possession by grantor
after delivery of deed is as tenant of grantee:* 1 Ency., 1
ed., 247; 1 Strob. L., 54; 10 Rich. Eq., 219. *Parol evidence
as to the consideration:* 2 Hill, 104; 1 McC., 514.

*Messrs. Bates & Sims,* contra (oral argument).

January 18, 1904. The opinion of the Court was deliv-
ered by

MR. JUSTICE JONES. This action was brought for the
recovery of real estate, and resulted in a verdict and judg-
ment for the defendant. Plaintiffs' appeal involves the
admissibility of certain parol testimony affecting the opera-
tion of the deed under which plaintiffs claimed. On the
18th day of January, 1895, the defendant executed a fee
simple warranty deed in the usual form purporting to convey
the land in dispute to W. P. Wilcox, under whom the plain-

tiffs claim as his heirs at law. The consideration expressed in the deed was $500. After the death of Wilcox, which occurred on the 18th day of June, 1900, the deed was found among his papers, unprobated and unrecorded, and was probated and recorded about the 23d September, 1901. Ever since the signing of the deed, the defendant retained the undisputed possession of the land covered by the deed, paying the taxes, attorning to no one, and otherwise exercising exclusive dominion over said land. Among other defenses, defendant alleged:

"2. (1) That on the 16th day of November, A. D. 1891, the defendant executed and delivered to one W. P. Wilcox, lately of the said State and county, his certain bond and mortgage, bearing said date, and thereby promised to pay to the said Wilcox, his certain attorneys, executors, administrators and assigns, the sum of $336.63, the purpose being to secure at that time the balance due on all accounts by the said defendant to the said Wilcox.

"(2) That on the 18th day of January, 1895, the defendant agreed with the said Wilcox to convey to him the land covered by the said mortgage, the description of which is set forth in the complaint, for the sum and price of $600, out of which sum the said mortgage was to be paid and the balance turned over to this defendant.

"(3) That in pursuance of said agreement, defendant signed the said deed presented to him by the said Wilcox, being informed that it provided as the consideration the said sum of $600, and the same was retained in the possession of the said Wilcox.

"(4) That defendant demanded the said difference from the said Wilcox, but to his surprise the said Wilcox refused to comply with said demand, informing defendant that he could trade it out, and that he would hold the deed as security for future advances. This defendant declined peremptorily to accede to, and demanded a return of the paper, which was refused. That the said deed was repudiated by the said defendant, and he retained possession of the land

covered thereby and still retains such possession undisturbed by the said Wilcox during the latter's life and until now."

It appears in the brief: "At the trial of this case on the Circuit, the plaintiff introduced the deed above-mentioned, the execution of which was admitted. The defendant admitted that he was in possession of the land, and that the plaintiffs were the heirs at law of Wilcox, and the plaintiffs rested their case. Whereupon the defendant tendered the testimony of himself and E. H. Williams and Perry Jackson, to prove an agreement between the defendant and the said Wilcox at the time of the execution of the said deed, together with the conditions upon which the same was executed, and which evidence was to the effect that out of the purchase price the said Wilcox was to satisfy a certain mortgage of the defendant to him, and pay the difference in cash to the said defendant, and which, after the execution of the said deed, the said Wilcox failed and refused to do; and, on the contrary, required the defendant to trade the balance out in his store; which, being in violation of the agreement of purchase, the defendant declined to agree to, and upon Wilcox insisting, the defendant repudiated the transaction, and the difference in cash above stated was not paid to Priester, nor did Wilcox satisfy of record the mortgage. To this testimony the plaintiffs objected on the following grounds: That the consideration of this deed could not be impeached as a matter of defense in this action, there being no fraud alleged. That parol testimony was inadmissible in this action to establish a contemporaneous parol agreement between Wilcox and Priester, and a non-performance of such agreement by Wilcox, or a breach by Wilcox of a parol promise made by him as the alleged consideration upon which the deed was executed to him by Priester, for the purpose of defeating the plaintiffs' right to recovery in this action.

"The Court overruled these objections, and allowed the testimony to the above effect to go to the jury, except the testimony of the defendant, which was ruled out under sec. 400, Code. The defendant then rested his case, and nothing

being offered in reply, the Judge charged the jury that it was for them to consider whether the defendant had satisfied them that at the time of the execution of the said deed, there existed a parol agreement between the defendant and the said Wilcox, which was the basis of the execution of the said deed, and whether the said Wilcox was to deliver the consideration of the said deed to the said defendant by the satisfaction of the mortgage and the payment in cash to him of the balance of the purchase money, as alleged in the answer, and whether Wilcox, upon the execution of the said deed, failed or refused to comply with such parol agreement; and if the jury should find that such agreement did exist at said time, and that said Wilcox had in derogation of said agreement failed or refused to comply therewith—that is, by the satisfaction of the said mortgage and the payment of the balance of the purchase price in cash to the defendants—then the above failure would be a good defense to the plaintiffs' recovery in this action."

The appellants' exceptions challenge the correctness of the above rulings and charge.

We think there was no error. Under the Code, "wherever equity confers a right and the right avails to defeat a legal cause of action, that is shows that the plaintiff ought not to recover in his legal action, then the facts from which such right arises may be set up as an equitable defense in bar." Pom. Rem., sec. 92. In actions to recover possession of lands, it is a common defense to set up a right to the cancellation of a conveyance on the ground of fraud, so as to defeat plaintiff's action. Same author, sec. 94, *Watts* v. *Witt,* 39 S. C., 366, 17 S. E., 822. The answer in this case, while not specifically charging fraud, in terms, states facts from which fraud is inferable. It alleged an agreement under which Priester was to convey the land to Wilcox in consideration of $600, a part of which was to be paid by the satisfaction of a mortgage on said land held by Wilcox and the remainder was to be paid in cash, that Wilcox represented that the deed expressed $600 as the consideration,

whereas the consideration named in the deed was only $500, and that Wilcox, after receiving the deed, refused to pay the consideration. To deprive one of his land under such circumstances would operate as a fraud. Where the payment of the consideration upon which a deed of land is based is contemplated by the parties as a consideration of a completed transaction, the grantor in possession cannot be deprived of his possession by virtue of such deed at the suit of grantee or his heirs at law who refuse to comply with such condition. In such case, the law will not compel the grantor to deliver possession and remand him to an action for the consideration or for specific performance.

Where there is a charge of fraud in obtaining a deed of conveyance, parol testimony is admissible to contradict, vary or explain it. *Lee* v. *Lee*, II. Rich. Eq., 582. Furthermore, in so far as the testimony related to the true consideration of the deed and the manner in which it was to be paid, it did not violate the rule which excludes parol testimony to contradict a written instrument. *Curry* v. *Lyles*, 2 Hill, 403; *Calvert* v. *Nickles*, 26 S. C., 310, 2 S. E., 116.

The judgment of the Circuit Court is affirmed.