## 9795

COLUMBIA SAV. BANK & TRUST CO. v. TRUE *ET AL.*
CENTURY BUILDING & LOAN ASSN. v. DAVID *ET AL.*

(93 S. E. 389.)

1. FRAUD—RELIANCE ON STATEMENT OF REAL ESTATE AGENCY.—Business men of experience should have known that too much credence should not be given to a statement made by a real estate agency in offering property for sale.

2. BROKERS—BINDING FORCE OF BROKER'S STATEMENTS.—The seller of property through a real estate agency could not be bound by any statements made by the agency as to what disposition could be made of the property after title passed out of him through the agency.

3. FRAUD—RELIANCE ON REPRESENTATION.—Purchasers of property through a real estate agency, who made independent investigation as to incumbrances, obtained full abstract of title, and purchased with their eyes open, to sell to some one else at a profit, could not recover from the vendor as for the fraud and deceit of the agency.

Before MAULDIN, J., Columbia, April, 1916.   Reversed.

Suits by the Columbia Savings Bank & Trust Company against Thurston W. True, B. H. Carlton and others, and by the Century Building & Loan Association against Aaron David, Thurston W. True, B. H. Carlton and others.   From the decree, the Columbia Savings Bank & Trust Company and unnamed defendants, appeal.

*Messrs. Melton & Belser,* for appellants, Columbia Savings Bank & Trust Co., and *Mr. James S. Verner,* for R. Leon Shull, appellant, submit: *In an action for the cancellation of an instrument on the ground of fraud and deceit, the plaintiff must prove that the defendant made a false statement as to a past or present fact, which he knew was false at the time of making it, and the plaintiff must show that he believed the false statement to be true, and acted on it to his injury:* 50 S. C. 367; 88 S. C. 156; 26 S. C. 275; 68 S. C. 106; 2 Hill 657; 2 Spears 9; 2 Bailey 270; 62 S. C. 42.   *Dealer's talk:* 101 S. C. 221.   *Duty of purchaser:* 14 A. & E. Enc. of L. 111 and 159.   *Laches:* 18 A. & E.

Enc. of L. 102. *Real estate brokers special agents:* 86 S. C. 162. *Dealings with special agents:* 19 Cyc. 294, note 33; 91 Md. 285; 46 Atl. 987; 88 Va. 454; 13 S. E. 914; 49 Fed. 785; 27 S. C. 132; 10 Rich. 332; 2 Corpus Juris 562; 29 A. & E. Ann. Cas. 471; 73 S. C. 47, 57. *No offer to return property before action to rescind contract:* 97 S. C. 34; 56 S. C. 508; 74 S. C. 202; 43 S. C. 257; 71 S. C. 149; 52 S. C. 104 and 244; 21 S. C. 226; 2 Pom. Eq. Rem., par. 688; 14 A. & E. Enc. of L. 161; 1 A. & E. Ann. Cas. 910; 14 *Id.* 261; 1 L. R. A. 201; 4 *Id.* 413; 25 *Id.* 37; 30 *Id.* 36 and 48; 34 *Id.* 363; 36 *Id.* 442; distinguish 79 S. C. 205; 88 S. C. 132, 142, 152. *Testimony as to agent's declarations:* 98 S. C. 279. *Contract of guaranty not within scope of agency:* 86 S. C. 162; 31 Cyc. 1647. *Right to rescission; prompt action:* 48 U. S. L. Ed. 419; 88 S. C. 160; 13 S. C. 214; 1 Rich. 101. *Fraudulent misrepresentations:* 99 S. C. 396; 61 S. C. 192. *Value a matter of opinion:* 14 A. & E. Enc. of L. 34, 35, 36, 41, 124, 126; 35 L. R. A. 417; 93 U. S. 55. *Negligence as bar to rescission:* 9 S. C. 20. *Fraud not presumed:* 1 Rich. 101; 13 S. C. 211; 88 S. C. 156; Jones Ev. (2d ed.), sec. 13.

*Messrs. W. H. Townsend* and *Andrew J. Bethea,* for appellants, Berry and Bethea, distinguish 50 S. C. 397; 62 S. C. 46, 49. *Expressions of opinion not representations of fact:* 1 Elliott Contracts, sec. 84, pp. 138, 140, 141. *Promissory representations not ground for rescission of contract:* 1 Elliott Contracts, sec. 84, p. 144; 3 *Id.,* sec. 2414, p. 571; 89 Wis. 499; 35 L. R. A. 417 to 441; 10 Rich. L. 311, 316; 101 S. C. 221, 234-237; 10 L. R. A. (N. S.) 651. *Affirmance of contract:* 8 L. R. A. (N. S.) 452, 455. *Voluntary payments:* Dudley L. 261; 90 S. C. 475; 100 S. C. 84; 2 Rich. 319. *Transfer without notice:* 3 Hill 22, 26, 29.

*Mr. Wm. N. Graydon,* for Carlton, respondent, cites: *As to review of findings of fact:* 96 S. C. 148; 91 S. C. 473; 92 S. C. 501. *Law as to fraud:* 50 S. C. 397; 80 S. C.

298; 199 N. Y. 314; 92 N. E. 670; 20 A. & E. Ann. Cas. 910; 26 S. C. 275; 1 Strob. 223; 2 Parsons Contracts (6th ed.) 773; 2 Bay 11; 7 S. C. 47; 15 S. C. 124; 79 S. C. 205. *Liability of principal for acts of agent:* 77 S. C. 549; 4 Strob. 353; 37 S. C. 194 and 377; 65 S. C. 75 and 413; 76 S. C. 211. *Findings of fact on legal issues conclusive:* 55 S. C. 360; 59 S. C. 560; 44 S. C. 364; 72 S. C. 270 and 312; 104 S. C. 375.

*Mr. Robert Moorman,* for respondent, True, cites: *As to agent's authority:* 47 S. C. 147; 1 Strob. L. 220; 99 S. C. 432; 106 S. C. 200; 91 S. E. 579; 105 Ala. 653; 92 S. C. 43; 1 Abb. Dec. (N. Y.) 454; 36 Barbour (N. Y.) 377. *Fraud inducing purchase:* 26 S. C. 275; 50 S. C. 397; 62 S. C. 42; 79 S. C. 205; 80 S. C. 292; 86 S. C. 576; 87 S. C. 87; 93 S. C. 185; 84 S. C. 265. *Rules of evidence where fraud is alleged:* 104 S. C. 227. *Election to pursue principal:* 31 Cyc. 1578.

September 3, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal by plaintiffs and defendants, Berry, Bethea and Shull, from a decree made and filed by his Honor, Judge Mauldin, in the above cases, which were two different cases, but consolidated and heard by his Honor as one case.

After issues joined, it was referred to the master for Richland county to hear and determine the issues of law and fact and report to the Court. The master made his report and overruled the contention of the defendants, Carlton and True, and recommended judgment against them for the amount of the mortgage indebtedness as well as against them for the mortgage given by them to R. Leon Shull. To this report defendants, Carlton and True, excepted.

Judge Mauldin overruled the findings of the master and sustained the defendants, Carlton and True's, contention, and also found that Carlton and True were not liable on their contract of assumption nor on their bond and mortgage given to the defendant, R. Leon Shull.   By his decree he also found that the defendants, Carlton and True, were each entitled to judgment against the defendant, R. Leon Shull, in the sum of $3,000.

Exceptions 1, 2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 20 of the plaintiffs and defendant, Shull, and some of the exceptions of Bethea and Berry, allege that his Honor, Judge Mauldin, erred in concluding that the evidence showed that Carlton and True had been induced to purchase the mortgaged premises by the fraudulent acts of R. Leon Shull.

Exceptions 3, 4 and 5 allege error on the part of the presiding Judge in holding that the defendant, R. Leon Shull, was bound by the statements and representations of the Keenan Real Estate Agency, who sold the premises to Carlton and True for Shull.   A careful examination of the testimony convinces us of the following facts: That Shull in August, 1913, purchased the property in question from Bethea through the Keenan Real Estate Agency, and instructed said agency to sell the property for him for $6,000 in cash, bond and mortgage of purchaser for $4,000, and the assumption of the purchaser of $40,000 mortgage indebtedness on the premises; that the Keenan Real Estate Agency were real estate brokers buying and selling real estate on commissions; that True and Carlton were business men of experience; that Carlton was a bank president, and True a railroad conductor.   The evidence shows that neither of them intended their purchase as a permanent investment, but bought for speculative purposes with the hope and expectation of reselling it at a handsome profit, and they put it in the hands of the Keenan Real Estate Agency for this purpose.   They employed counsel and had abstract of title

made before buying. They collected the rents and treated the property as their own and paid interest on the mortgage debts. They did not offer to reconvey the premises to Shull and demand a rescission of the contract.

We do not think that there is sufficient testimony in the case to warrant the finding of the Circuit Judge that there was fraud and deceit and false statement of facts made by the Keenan Real Estate Agency or Shull that they knew at the time of making it to be false, and that True and Carlton believed the false statement to be true and acted on it, to cancel the trade. Both were men of experience, and should have known that too much credence should not be given to the statement made by a real estate agency in offering property for sale. Certainly Shull could not be bound by any statements made by the agency as to what disposition could be made of the property after title passed out of him.

There is nothing in the case to show any fraud or deceit on the part of Shull or that he authorized or ratified or confirmed any of the alleged false representations complained of as made by the Keenan Real Estate Agency. The defendants have failed to show such a state of facts as to rescind the contract of purchase as required under the authorities of *Ruberg v. Brown,* 50 S. C. 397, 27 S. E. 873; *Hickson v. Early,* 62 S. C. 42, 39 S. E. 782; *Willcox* v. *Priester,* 68 S. C. 108, 46 S. E. 553; *Godfrey v. Lumber Co.,* 88 S. C. 156, 70 S. E. 396.

The representation made as to value in this case was not such as an action for fraud and deceit would be. The respondents made independent investigation to find out the incumbrances in the property and obtained full abstract of title and made their purchase with their eyes open with the intent to dispose of the purchase to some one else with a profit to themselves.

Under the facts in the present case what is said by this Court in *Mobley v. Quattlebaum,* 101 S. C. 221, 85 S. E.

585, is conclusive that Carlton and True cannot recover, and that his Honor was in error in finding as he did, and that his Honor should not have sustained the exceptions to the master's report and overruled the same, but he should have overruled the exceptions and sustained the master's report. These exceptions are sustained.

The exceptions 21 and 22 of Berry and Bethea are sustained for the reason that Carlton and True are held to their purchase, and the decree of his Honor in his finding and allowing them judgment is reversed. It is unnecessary to pass on the grounds pointed out in these exceptions.

The judgment is reversed.

Mr. Chief Justice Gary did not participate in the consideration of this case.