## 18160

Nell Mills COOKE, Appellant, v. Ira JENNINGS and M. O. Cooke, Respondents

(134 S. E. (2d) 572)

*H. T. Abbott, Esq.*, of Conway, *for Appellant,*

*Messrs. Long & Long,* of Conway, *for Respondents,*

February 3, 1964.

Moss, Justice.

This action was brought by Nell Mills Cooke, the appellant herein, against Ira Jennings and M. O. Cooke, the respondents herein, for an accounting. The complaint alleges that on January 29, 1946, Evelyn M. and C. E. Sasser leased to M. O. Cooke, Nell Mills Cooke, Ira Jennings and Mrs. Ira Jennings certain property at Myrtle Beach, South Carolina, and that rentals accrued from the operation of businesses thereon. The complaint further alleges that the appellant and M. O. Cooke were husband and wife but were separated in 1958 and since that time have been divorced. It is further alleged that the appellant held a one-fourth interest in the leased premises and was entitled to an accounting for the years 1958, 1959 and 1960. Judgment is demanded by the appellant against the respondents for one-fourth of the rentals accruing from such property.

The answer of the respondents sets forth (1) a general denial; (2) that the lease described in the complaint was executed as therein stated but that the real parties to said lease were the respondents and Evelyn M. and C. E. Sasser; that the wives of the respondents, as a formality, joined in the execution of the said lease, but they had no interest whatsoever therein; and (3) that the appellant did not

enter into any of the negotiations for said lease, did not pay any consideration therefor, nor did she pay for any of the improvements upon said leased premises and never participated in the disposition of the rents and profits therefrom.

This case was referred to the Master for Horry County and he was authorized to take the testimony and to report his findings of fact and conclusions of law. The Master took the testimony and, on June 13, 1961, filed a report in which he found that the appellant had no interest whatsoever in the leased premises and she merely signed said lease along with Mrs. Jennings for the protection of the lessors, in a manner as sureties, so that in the event of the death of either or both of the respondents, or in the event of an attempt to avoid liability under the lease, the wives of the respondents would be responsible for the payment of the lease rental.

At the hearing before the Master, C. E. Sasser testified that the respondents negotiated the aforesaid lease with him; that neither of their wives had anything to do with the negotiations and that it was at his insistence and request that the wives of the respondents joined in the execution of the lease, this being done for his protection upon the advice of his attorney. He further testified that he had no business dealings with either of the wives of the respondents; that the rent and taxes upon the leased premises were paid by the respondents.

The respondents testified that the lease in question was negotiated with C. E. Sasser and that their wives had nothing to do with the arrangements of the lease nor did they pay any part of the rent or have anything to do with the erection of the buildings upon the leased premises. They further testified that they erected the buildings upon the leased premises and managed the same from the beginning of the lease. The respondent, M. O. Cooke, testified that the appellant had never claimed any interest in the lease or the buildings thereon until she sued him for a

divorce in the State of Florida in 1958. It was further testified that it was never the intention of the respondents that their wives would own any portion of the lease or leased premises.

At the hearing before the Master, the appellant objected to the testimony of C. E. Sasser and the respondents on the ground that her action was based upon a written lease and parol evidence was inadmissible to contradict and vary the terms of such written lease. The Master held, and the Circuit Judge affirmed such holding, that the evidence of these witnesses was admissible and did not violate the parol evidence rule. The sole question for determination here is whether there was error in so holding.

According to the weight of authority the parol evidence rule does not operate to prevent parties on one side of a written contract from showing by parol evidence what the agreement is as between themselves. *Garrett v. Ellison,* 93 Utah 184, 72 P. (2d) 449, 129 A. L. R. 666.

The rule excluding parol evidence to vary a writing is not applicable in a controversy between the parties to the instrument whose interests thereunder are the same, or their privies, as in the case of contest between co-obligors or co-obligees, or between privies of parties on the same side. 32 C. J. S., Evidence, § 862, at page 796.

In 20 Am. Jur., Evidence, sec. 1125, page 980, it is stated:

"The general rule is that the true relation of parties to a contract may, as between themselves, be proved by parol, when not in conflict with the express terms of the contract. The rule is especially applicable where the contest is between parties who are the obligors on a contract as to relative liability. Between parties jointly obligated ostensibly as principals upon a written instrument, an oral agreement in reference to who shall respond as principal and who as surety may be shown and enforced. So far as the

relation of two apparently joint purchasers to each other is concerned, it is always competent to show that one of them stands in relation of surety to the other. Even where the principals and sureties are designated on the instrument, it may be shown by parol that the true relationship is other than that designated. An oral agreement between persons signing in fact as sureties is competent to establish the fact that rights or liabilities of co-suretyship do not exist between them. A *fortiori,* an oral contract of co-suretyship may be shown though it is inconsistent with inferences derived from the manner of signing the instrument."

The relationship which subsists between joint obligors is a matter wholly extrinsic of the written contract and may, therefore, be proved by parol without any violation of the parol evidence rule. *Smith v. Tunno,* 6 S. C. Eq. (1 McCord Eq.) 443. We think the foregoing rule is supported by the cases of *Anderson v. Pearson,* 18 S. C. L. (2 Bailey L.) 107; *Calvert v. Nickles,* 26 S. C. 304, 2 S. E. 116; *Sloan v. Gibbes,* 56 S. C. 480, 35 S. E. 408.

The parol evidence rule as applied in a controversy between parties on the same side of a written instrument is well stated in the case of *Lee v. Adsit,* 37 N. Y. 78, as follows:

"The rule that parol extrinsic evidence shall not be received to contradict or vary a contract which is in writing, applies only in controversies between the parties, promisor and promisee, in such contract. * * * Neither are the terms of a written contract conclusive as to the shares or proportions in which a set of parties on one side of the contract are interested in its fruits as between themselves. Such questions do not usually enter into the consideration of those who settle the forms of written contracts. Each party, in framing the contract, considers only what by its terms he may exact from the other, and what the latter may thereby exact from him. The parties of the first part in a

contract may have no joint or mutual interest in the subject-matter; one may be merely the agent, clerk or servant of the other; yet the paper would warrant, *prima facie,* the supposal of an equal interest. In an action on the contract against the other party, no question of this sort can arise. But, surely, in a controversy between the parties of the first part, the paper is not conclusive and irrefragable evidence of a mutual and equal interest in the benefits of the contract."

It is claimed by the appellant that the lease here was clear and unambiguous and the Court could only look to the language thereof in fixing her rights. As between the lessor upon the one side and the lessee upon the other side, this is true, but there is nothing in such lease to show the relation and the individual rights of the lessees as between themselves. To permit parol evidence as to the true relationship of the lessees, as to what the agreement was among themselves, does not violate the parol evidence rule. We conclude that the testimony offered by the respondents was admissible and did not violate the parol evidence rule.

The Master and the Circuit Judge have concurred in a finding of fact that the appellant was not entitled to an accounting because she had no legal interest in the leased premises. We are bound by this finding of fact because the admissible testimony amply supports such conclusion.

The judgment of the lower Court is affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.