R. H. Peel v. E. W. Giesen.

Decided May 17, 1899.

1. Written Instrument—Parol Evidence.

The rule excluding parol evidence offered to vary the terms of a written instrument has no application to collateral undertakings or cases in which the written instrument was executed in part performance of an entire oral agreement.

2. Same.

To a suit on a promissory note, an answer alleged that the note was executed in purchase by the maker of the payee's interest in a partnership between them, an entire settlement of which could not then be made, but was to be made thereafter, and that on a proper settlement the plaintiff was indebted to defendant, in excess of the amount of the note, for money advanced by him to the firm. Held, that such plea was not subject to demurrer on the ground that it attempted to vary the written contract by parol.

3. Limitation—Settlement of Partnership.

The two years statute of limitation does not apply to an action by one partner against another for a settlement of the partnership accounts. The period is four years. Rev. Stats., art. 3356.

Appeal from the County Court of Hays. Tried below before Hon. Ed. R. Kone.

*Will G. Barber,* for appellant.

*P. N. Springer,* for appellee.

KEY, Associate Justice.—Appellee brought this suit against appellant upon a promissory note for $300, with interest and attorney's fees. The note was dated February 9, 1894, and due four months thereafter.

The defendant, in his answer, averred that in December, 1893, he and the plaintiff formed a copartnership for the purpose of engaging in the cattle-raising business; that by the terms of the partnership contract, each was to furnish an equal amount of capital to be invested in the business,—were to share equally all expenses and all profits and losses; that the defendant furnished and paid into the partnership various sums of money, aggregating $1059.75; that the plaintiff had only paid into the partnership the sum of $250; that accordingly the defendant advanced and paid into the partnership $809.75 more than the plaintiff. did prior to the execution of the note sued on; that the partnership business proved unprofitable and large losses were sustained; that thereafter plaintiff and defendant agreed with each other that the partnership property owned by them was of the value of $600, and plaintiff offered to sell defendant his one-half interest in said property for the sum of $300, which proposition defendant accepted, and accordingly executed and delivered to the plaintiff the note sued upon, in payment for said interest of plaintiff in the partnership property.

The answer also avers that at the time of this agreement and the execution of the note the parties did not have in their possession the necessary data to effect a settlement of their entire partnership business and did not

do so, but agreed to make such settlement at some future day, and that the plaintiff agreed and promised to pay defendant one-half of the excess in amounts advanced by the defendant to such partnership business, over amounts advanced by the plaintiff; that upon a proper settlement of their partnership accounts, plaintiff will owe and be indebted to defendant the sum of $404.87½, with interest thereon from February 9, 1894.

The answer also alleges that the plaintiff is wholly insolvent, and to permit him to recover upon the note sued on without allowing amounts due defendant as a set-off would inflict irreparable injury upon the defendant. It also invokes a settlement of the partnership affairs between the plaintiff and defendant, and prays that the amount owing by the plaintiff to the defendant, by reason of the latter having advanced more than his share to the assets of the firm, be set off against the plaintiff's demand, etc.

This is the substance, in general terms, of the pleading referred to, but it is much fuller and contains many more details than here stated.

The trial court sustained two special exceptions to this answer, and judgment being rendered for the plaintiff, the defendant has appealed.

The exceptions referred to were (1) that the matters set up in the answer sought to vary and contradict the terms of the written contract, which formed the basis of the plaintiff's suit; and (2) that it appeared from the face of the answer that the set-off or counter-claim pleaded by the defendant accrued more than two years prior to the filing of the suit, and was therefore barred by the statutes of limitation.

We are of the opinion that the court erred as to both of these exceptions. The general rule, which excludes parol evidence, when offered to vary the terms of a written instrument, has no application to collateral undertakings or cases in which the written instrument was executed in part performance of an entire oral agreement. Thomas v. Hammond, 47 Texas, 42; Henry v. McCardell, 40 S. W. Rep., 172; Hanson v. Yturria, 48 S. W. Rep., 795.

The matters pleaded by the defendant come within the purview of article 3356 of the Revised Statutes, which provides, in substance, that an action by one partner against another for a settlement of the partnership accounts is barred in four years from the date of cessation of dealings in which they were interested together. Hence the two years statute of limitation has no application.

For the errors pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*