### BALDWIN v. W. H. COYLE & CO.

(Court of Civil Appeals of Texas. Galveston. March 4, 1916. Rehearing Denied March 30, 1916.)

1. **BILLS AND NOTES** ⬤⟿475—**ACTIONS**—**PLEADING** — **ALLEGATION OF COLLATERAL AGREEMENT TO A WRITTEN INSTRUMENT.**

An allegation of defendant's answer that before he signed the notes described in plaintiff's petition, he protested that the sum due was less than the amount claimed by the plaintiff and evidently contained purchases made by other persons and charged to defendant, that he had often asked for a complete itemized account, which was promised, and that he signed the notes believing said statement would be furnished and an adjustment made, does not set up either a collateral agreement nor a more comprehensive agreement, whereby the notes were delivered in part performance of an entire oral agreement.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1514–1518, 1556; Dec. Dig. ⬤⟿475.]

2. **EVIDENCE** ⬤⟿402—**PAROL EVIDENCE**—**ADMISSIBILITY.**

Where plaintiff, holding a claim against defendant, made a demand for payment, and the defendant admitted the debt but differed as to the amount, but finally adjusted the disputed claim by giving his note for the amount claimed by the plaintiff, in the absence of an allegation of fraud, accident, or mistake, parol evidence was not admissible to vary or alter the terms of the written contract to pay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1799–1806; Dec. Dig. ⬤⟿402.]

Error from Harris County Court; C. C. Wren, Judge.

Suit by W. H. Coyle & Co. against Jacob C. Baldwin. Judgment for the plaintiff, and defendant brings error. Affirmed.

Baldwin & Baldwin, of Houston, for plaintiff in error. A. T. Carleton and W. F. Tarver, both of Houston, for defendant in error.

McMEANS, J. W. H. Coyle & Co. brought this suit against Jacob C. Baldwin upon two promissory notes executed by the defendant to plaintiff, for $98.90 and $98.80, respectively, and for stipulated interest and attorney's fees. Defendant, after pleading a general denial, further pleaded as follows:

"That plaintiff is and was engaged in the printing and stationery business for several years, during which time the defendant has run an open account with the plaintiff. Defendant says that he relied upon the plaintiff keeping a

true and correct account of all purchases made by the defendant, and before he signed the note described in plaintiff's petition, he protested that the sum due the plaintiff was much less than the amount claimed by the plaintiff, and evidently contained purchases, made by other persons and charged to this defendant, which should not have been included in said account. That he had often asked, and has since asked, for a complete itemized account, which was promised, but which has never been furnished this defendant, and he signed said notes, believing such a statement would be furnished and adjustment made. The defendant further shows that he did not owe, and does not now owe, the plaintiff the sum of money appearing on the face of said notes by a large amount, the amount of which he does not know, and that the account which the plaintiff claimed was owing to them by the defendant included an account against one R. B. Baldwin, as will appear from the books belonging to plaintiff, the exact amount of which is unknown to this defendant, for which he is not liable and for which he never agreed to pay. Defendant prays that plaintiff be required to produce their books upon the trial of this cause, and make out and file an itemized account of all purchases ever made by the defendant from plaintiff with all payments thereon, together with an itemized statement of all purchases made by R. B. Baldwin, or any other person, which has been charged to the account of this defendant, to the end that the exact amount thereof may be established, and this defendant given credit therefor, so that it might be determined what amount, if any, is now due the plaintiff, by reason of all of which the consideration for said notes has failed. Defendant prays that plaintiff take nothing herein, and that he be required to render an accounting as herein prayed for, for costs of court, and for general and special relief."

To the above pleading of the defendant the plaintiff filed the following special exception:

"Plaintiff further excepted specially to that part of defendant's said answer wherein it is alleged that 'before he signed the notes described in plaintiff's petition, he protested that the sum due the plaintiff was much less than the amount claimed by the plaintiff, and evidently contained purchases made by other persons and charged to this defendant, which should not have been included in said account,' because the same shows upon its face that there was a consideration for the execution of said notes, viz., the adjustment of some claim that the plaintiff had against the defendant, and the notes executed by defendant in the discharge and extinguishment of a pre-existing claim, and of this exception plaintiff prays judgment of the court."

This exception was sustained by the court, and, the defendant declining to amend, and the plaintiff having introduced in evidence the notes sued on, judgment was rendered for plaintiff, and the defendant has appealed.

[1, 2] The first assignment of error complains of the action of the court in sustaining the special exception. Defendant contends in his proposition under this assignment that:

"An answer setting up a collateral agreement and understanding between the parties to certain notes which does not vary, alter, or contradict the terms thereof, but showing a more comprehensive agreement whereby the notes were delivered under certain conditions, and alleging a failure of consideration, entitles that party to be heard in his defense."

It is true that the general rule which excludes parol evidence, when offered to vary the terms of a written instrument, has no application to collateral undertakings or in cases in which the written instrument was executed in part performance of an entire oral agreement. Peel v. Giesen, 21 Tex. Civ. App. 334, 51 S. W. 44, and authorities cited. We might therefore admit the legal soundness of the proposition without in any wise disturbing the judgment appealed from because the facts alleged in defendant's answer are not sufficient to require or permit the application of the principle invoked. The answer sets up neither a collateral agreement, nor that there was a more comprehensive agreement whereby the notes were delivered in part performance of an entire oral agreement. The only construction, and possibly the strongest construction, in favor of the defendant that can be put on the answer is that at the time he signed the notes the defendant thought, and still thinks, that the account, for which the notes were given in settlement, was larger than he owed, and that he signed the notes expecting that plaintiff would furnish him with an itemized statement of its account, and that plaintiff promised to furnish such a statement to him. There was no allegation that the plaintiff promised that, in the event the itemized statement showed the defendant owed less than the amount for which the notes were given, or that some of the items charged to him should have been charged to other persons, an adjustment would be made or credits entered upon the notes. Neither fraud, accident, nor mistake in the execution of the notes was alleged. The case as presented is one, simply, where a creditor holding a claim against a debtor makes demand for payment, and the debtor, not claiming that he owes nothing, but claiming only that the amount claimed is too large, finally adjusts the disputed claim by giving his notes for the amount claimed by the creditor. In such circumstances parol evidence, in the absence of an allegation of fraud, accident, or mistake, is not admissible to vary or alter the terms of the written contract to pay. Hunter v. Lanius, 82 Tex. 677, 18 S. W. 201; Jackson v. Chemical Nat. Bank, 46 S. W. 296; Murray Co. v. Putman, 130 S. W. 632. The assignment is overruled.

The second and third assignments are sufficiently disposed of by what we have said in disposing of the first.

We find no reversible error in the record, and the judgment of the court below is therefore affirmed.

Affirmed.