CHAPMAN v. WITHERSPOON. (No. 7670.)

(Court of Civil Appeals of Texas. Dallas. Feb. 10, 1917.)

1. EVIDENCE ⊂⟩441(1)—PAROL EVIDENCE TO VARY TERMS OF WRITTEN INSTRUMENT.

A written contract may not be varied by proof of oral contemporaneous or other agreements.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1756.]

2. PLEADING ⊂⟩205(1)—DEMURRER—EFFECT.

The effect of a general demurrer is to declare that the facts stated in the petition, though true, do not entitle plaintiff to any relief on any theory.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 491.]

3. PLEADING ⊂⟩34(3) — SUFFICIENCY — PRESUMPTIONS ON DEMURRER.

On a general demurrer, if upon a fair, reasonable construction of the complaint, giving to all ambiguities that reasonable interpretation most favorable to the complaint, there appear in it sufficient facts to show a legal right in plaintiff, demurrer should be overruled.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 69.]

4. PLEADING ⊂⟩205(2)—DEMURRER.

Where complaint in action on oral agreement to refund portion of commission on payment of purchase-money notes did not disclose consideration of defendant's promise to pay, a general demurrer could not be sustained on the ground that the only cause of action was one tending to vary terms of a written contract, since under the pleading the consideration might be based upon some matter independent or collateral to the payment of notes involved in the purchase of the land.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 492.]

5. EVIDENCE ⊂⟩441(1)—PAROL EVIDENCE TO VARY WRITTEN INSTRUMENT — ADMISSIBILITY.

Evidence of a prior or contemporaneous parol agreement or understanding is frequently admissible where it is consistent with the writ-

ing in question and it is apparent that the instrument was not intended as a complete embodiment of the undertaking.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1756, 1757.]

6. EVIDENCE ⬥⟳441(11)—PAROL EVIDENCE TO VARY WRITTEN INSTRUMENT.

Where plaintiff executed notes for balance of purchase price of land, a parol agreement that, if he should pay notes in reasonable time, he should receive rebate of $350 from $500 commission, *held* not inconsistent with written instruments or notes, and therefore not inadmissible as tending to vary their terms; it being apparent that notes were not intended as complete embodiment of transaction.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1799–1812, 2043, 2044.]

7. APPEAL AND ERROR ⬥⟳1002 — REVIEW — SUFFICIENCY OF EVIDENCE TO SUSTAIN VERDICT.

In an action to recover money on oral contract, where the testimony of the parties is in direct conflict, and neither is corroborated by other witnesses or circumstances, a verdict of the jury will not be set aside as contrary to the weight and preponderance of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937.]

8. APPEAL AND ERROR ⬥⟳1002 — REVIEW — SUFFICIENCY OF EVIDENCE TO SUSTAIN VERDICT.

In an action on an oral contract to refund $350 out of $500 commission for sale of lands if plaintiff paid unpaid purchase-money notes within reasonable time, a verdict for plaintiff on conflicting evidence will not be set aside on the ground that the evidence shows defendant entitled to a greater sum for commissions than would be left after refunding $350, where it appears that the commission agreed upon was a compromise sum arrived at without reference to value of lands.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937.]

Appeal from Ellis County Court; W. M. Tidwell, Judge.

Action by W. A. Witherspoon against O. H. Chapman. Judgment for plaintiff, and defendant appeals. Affirmed.

Supple & Harding, of Waxahachie, for appellant. Farrar & McRae, of Waxahachie, for appellee.

RASBURY, J. Appellee sued appellant upon an oral contract to pay $350, and recovered verdict and judgment, from which this appeal is prosecuted.

At the inception of the trial the sufficiency of appellee's pleading was drawn in question by general demurrer, which the court overruled, and which on this appeal is assigned as error. As a consequence it is necessary to recite the substance of the facts alleged in appellee's petition. Omitting formalities, they are these: At the time of making the oral agreement sued on appellee was employed by appellant, a real estate broker, at an agreed monthly salary, on condition that appellee, who was personally also buying and selling lands, should on all lands bought or sold on his personal account pay appellant a brokerage or commission of 2½ per

cent. While said agreement was in force appellee agreed with one S. B. Witherspoon to exchange 147 acres of land in Coleman county owned by appellee for about 131 acres of land in Ellis county owned by said S. B. Witherspoon; appellee in the exchange to assume an outstanding debt against the Ellis county lands of about $7,000, secured by the vendor's lien and owned by appellant. When about to consummate the exchange appellant demanded a commission of $500 on the land to be conveyed to appellee and a commission of 2½ per cent. on that to be conveyed by him. Appellee conceded appellant's right to a commission on the sale contemplated by appellee to Witherspoon, but denied it on the sale contemplated by Witherspoon to appellee. Appellant then declared he would prevent consummation of the exchange unless he received the sums claimed; whereupon, the exchange being advantageous to appellee, and after considerable negotiations, it was mutually agreed between appellee and appellant that the exchange should be consummated; appellee to execute his notes in lieu of those existing against the S. B. Witherspoon land, including therein the additional sum of $500, on condition appellant would pay appellee $350 when said notes were paid. New notes were so executed. Appellant, before maturity of the notes, sold same to another, and appellee paid to such purchaser the amount thereof. After payment suit was brought to recover the $350. Such are the facts alleged in appellee's petition as constituting his cause of action and against which the general demurrer was leveled.

While it is not necessary to a disposition of the issue arising on the court's action in overruling the demurrer to state the facts alleged in appellant's answer, we do so in order that appellant's theory of the controversy may in other respects be intelligently comprehended. They are in substance these: Appellee was employed by appellant in his brokerage business at a stipulated salary on condition that appellee would pay appellant a commission of 2½ per cent. on all land sold personally by appellee while so employed as well as a similar commission on all lands purchased by appellee and listed with appellant for sale if the owner did not pay same. S. B. Witherspoon's lands which he exchanged for appellee's lands were listed with appellant for sale on a commission of 5 per cent. When the exchange was about to be consummated S. B. Witherspoon refused to make the exchange if he was expected to pay a commission. Based on the value placed on their lands by appellee and Witherspoon, appellant was entitled to receive from appellee $238.87, and from Witherspoon $654.06, or a total commission of $892.93. In such connection it was necessary to advance $5,000 in cash and carry about $7,772 in long-term notes, in order to consummate said exchange,

which appellee was wholly unable to do. Appellant was able and willing to advance the money and carry the notes, but was unwilling to waive his commissions. Appellee considering the exchange profitable continued negotiations with appellant, who finally agreed to waive all commissions, save $500, and to advance the money and carry the notes, in consideration of which appellee agreed to pay appellant said commission of $500. Thereupon the exchange was consummated, and said $500 included in the notes given by appellee in payment of Witherspoon's lands. Subsequent to all the foregoing appellee quit appellant's service when a complete settlement of their affairs was had, no claim being made by appellee in reference to the $350 sued for. Before appellant sold appellee's notes he discussed the sale with appellee, who then made no claim for the $350, only requesting appellant to arrange with the purchaser for appellee to take up the notes before maturity, which was done. Such were the facts alleged by appellee as constituting the arrangement finally made.

[1-4] The first contention is that the court erred in overruling appellant's general demurrer directed against appellee's petition. The proposition asserted is that, the contract alleged being oral, and the effect of it being to vary the terms of a written contract (the notes described in the petition), no cause of action was disclosed by the petition in the absence of any allegations of fraud, accident, or mistake. Many cases are cited by appellant which sustain the well-settled general rule that the terms and provisions of a written contract which will include promissory notes may not be varied by proof of oral contemporaneous or other agreements, of which Lanius v. Shuber, 77 Tex. 25, 13 S. W. 614, is typical. The rule invoked is so elementary that we refrain from a discussion of it, since to do so would be but to reiterate it. But it does not follow, in our opinion, from the allegations of appellee's petition that proof of the oral contract under which he sought to recover $350 would in every legal sense vary the terms of the notes given in payment of the land and appellant's commission. The demurrer is a general one, the effect of which is to declare that the facts stated in the petition, though true, do not entitle plaintiff to any relief on any theory from the court. If upon a fair, reasonable construction, giving to all ambiguities the reasonable interpretation most favorable to the pleading, there appear in it sufficient facts to show a legal right in the plaintiff, the demurrer should be overruled. Townes' Pleading, 530. By such rule it is our duty to determine, not that the pleading may not be construed to contemplate proof of an oral contract which would vary the notes, but that it does on other grounds show a legal right in appellee to recover. The substance of the facts shown to constitute the oral contract is that there was a difference between appellee and appellant concerning the payment of a commission. It was finally agreed that $500 should be paid, to be included in the notes given in payment of the land. It was agreed at the same time that appellant would pay appellee $350 when he paid the land notes aggregating $7,772. What the consideration of appellant's promise to pay the $350 was, is not disclosed by the petition. A special exception would have produced a more specific or sufficient allegation in that respect and would have disclosed upon the pleading whether or not it was a consideration which in law constituted a variance of the notes, or whether the consideration was based upon some independent or collateral matter the payment of the notes merely marking the time when the right to performance was due. Such being a reasonable deduction from the pleading, it cannot be said that the general demurrer should have been sustained on the ground that the only cause of action disclosed by the petition was necessarily one tending to vary the terms of the written contract. Accordingly the first assignment is overruled.

The second assignment of error challenges the action of the court in admitting certain testimony over the objection of appellant. Appellee testified to his employment by appellant and to the fact that he reached an agreement with S. B. Witherspoon for an exchange of their lands. Following such testimony he related his version of the dispute with reference to commissions, which, in substance, is as follows: When appellee informed appellant that he had traded with S. B. Witherspoon, appellant inquired whether appellee had arranged for S. B. Witherspoon to pay him a commission, and appellee informed him he had not. Appellant then told appellee to get Witherspoon to his (appellant's) office, as he thought he could talk him out of a commission. After inducing Witherspoon to visit appellant's office, appellee went to the courthouse, where he was serving as a juror, and in a few minutes appellant came to the courthouse and informed appellee that Witherspoon would not pay a commission. Appellee replied he (Witherspoon) "was not entitled to pay any." Appellant then said: "If you take that stand against me, I will make you pay it. I am going to have $500 out of the trade." Appellant returned to his office. In a few minutes appellee was excused from jury service at the courthouse, going thence to appellant's office, where considerable discussion about the matter was had, and some feeling engendered. Appellant, however, stood firm in his demand for $500. Appellee then consulted with S. B. Witherspoon, who declined to pay any commission. He then returned to appellant's office and said to appellant: "There is nothing right about what you are doing, but I am going to allow you the $500, added to the indebtedness, with the understanding that if I take up those notes

that you hold in a reasonable length of time that you will pay me back $350." He said: "I will do it." There is testimony tending to show that the notes were paid by appellee in a reasonable time. It was to the testimony relating to appellant's promise to pay the $350 if the notes were taken up in a reasonable time that appellant objected, and which it is asserted was inadmissible, because its effect was to vary by parol the provisions of the written contract (the notes), without pleading fraud, accident, or mistake in its execution. That parol evidence is inadmissible to vary, alter, control, or contradict the terms of a written instrument in an action founded upon such writing between the parties or privies is also so elementary and well settled that we will not attempt a discussion of the rule or a review of the cases cited as sustaining the rule, save to say that the reason underlying the rule is, of course, that all previous negotiations are merged in the writing which presumably in terms embodies the final agreement.

[5] However, it is an equally well-settled exception to the rule that:

"Evidence of a prior or contemporaneous parol agreement or understanding is frequently received, where it is consistent with the writing in question, and it is apparent that the instrument was not intended as a complete embodiment of the undertaking." 5 Chamberlayne, Mod. Law Ev. 4930, § 3553.

The rule is approved in this jurisdiction by early and late adjudications. Thomas v. Hammond, 47 Tex. 51; Henry v. McCardell, 15 Tex. Civ. App. 497, 40 S. W. 172; Downey v. Hatter, 48 S. W. 32; Hansen v. Yturria, 48 S. W. 797; Peel v. Giesen, 21 Tex. Civ. App. 334, 51 S. W. 44; Kelley Plow Co. v. London, 59 Tex. Civ. App. 208, 125 S. W. 974.

[6] The question then is: Is the agreement claimed by appellee inconsistent with the writing (the notes), and is it apparent that the writing (the notes) was not intended as a complete embodiment of the undertaking? We believe the parol agreement to be entirely consistent with the written agreement. Appellant testified that the charge of $500 made for commissions or for financing the trade between appellee and Witherspoon was based largely on the fact that the notes which he had agreed to carry would be hard to negotiate, due to the fact that they covered a period of eight or ten years, and as a consequence a one way commission would not be satisfactory. He also testified that he would refund $100 of the $500 if appellee would "cash" the notes. It thus appears practically without dispute that the sum to be paid was based largely upon the fact that appellant would be compelled to carry the notes for so long a period and appellant's funds would accordingly be beyond his control for other purposes. Such being true, it was, it occurs to us, entirely consistent for the parties to agree collaterally and independently that in the event appellee paid off the notes

in a reasonable time a portion of the charge for commissions and financing the trade should be refunded. We also conclude that it is apparent from the writing that it is not a complete embodiment of the agreement, or, stated in another way, that it does not presuppose an exclusion of the collateral or independent agreement. The writing is but a formal promissory note, and because of its character and brevity essentially fails to import that all stipulations between the parties with reference to the subject-matter were intended to be expressed by the note, and because, further, the omission to express in the note the other agreement does not indicate that the agreement was not made, particularly so in view of the fact that the right to receive the $350 was dependent upon the payment of the note in a reasonable time.

What we have just said disposes adversely of appellant's third and fourth assignments of error, which, in effect, assert that appellant was entitled to a peremptory instruction.

[7] The fifth assignment of error asserts that new trial should have been awarded on the ground that the verdict was so against the weight and preponderance of the evidence as to be manifestly wrong. We are not authorized to so hold as matter of law. Appellant testified to one state of facts, the appellee to another. There is in the testimony no witness or circumstance that can be said to corroborate either. To reconcile or adopt as true one of the theories of the contract was peculiarly the duty of the jury, who saw the witnesses and heard their testimony, and for us to interfere and set aside the verdict would be an unwarranted invasion of the jury's prerogative.

[8] The sixth and seventh assignments of error assert, in effect, that the verdict was unwarranted and against the weight and preponderance of the evidence, because under the terms of appellee's employment appellant would have been entitled to a greater sum as commissions than is left him after deducting the $350. Waiving whether there is in the record any evidence which would definitely disclose how much appellant was entitled to under his contract with appellee, we think it appears without dispute from the evidence of both appellee and appellant that the sum agreed upon as commissions for selling the land and financing the transaction was a compromise sum agreed upon without reference to the value of the lands and the sum to which appellant was entitled as commissions, and that as a consequence it cannot be said that the verdict is in any sense against the weight and preponderance of the evidence.

Due to the fact that the jury adopted appellee's theory of the facts, we have not set out appellant's testimony, since to do so would conserve no useful purpose. It may be said, however, that it was in flat contradiction of

appellee's testimony on controlling points, and was sufficient to have sustained a verdict of the jury based thereon.

The judgment is affirmed.