### C. CASENTINI V. SCHNEIDER BROS.

#### No. 611.

1. **Limitation on Motion Against Defaulting Bidder at Sheriff's Sale.**— May 3, 1892, in Galveston, a sheriff's sale took place, and defendant bid at said sale the sum of $750 for the property offered, and it was struck off to him. He refused to comply with his bid, and the property was again sold, on June 7, 1892, for $50. Motion against the defaulting bidder was filed by the plaintiff in execution, June 7, 1893, after two terms of the District Court of Galveston County had intervened. *Held,* Plaintiff's right to proceed under the statute (Revised Statutes, article 2325) was not barred by the lapse of time.

2. **Name of Plaintiff—Misnomer.**—All the proceedings show that the motion was made in the case of Schneider Bros. v. Giozza, and although the complaint purports to have been made by Geo. Schneider & Co., a firm composed of Chas. Schneider, the judgment in favor of Schneider Bros. was rendered in favor of the right parties.

ERROR from Galveston. Tried below before Hon. W. H. STEWART.

*James B. & Charles J. Stubbs,* for plaintiff in error.—1. To entitle the plaintiff in execution to recover the penalty prescribed by article 2321, Revised Statutes, he should proceed promptly by motion as soon as practicable after the noncompliance with the bid; and if he allows a term to elapse he should show good cause for so doing, and seek the summary redress authorized by the statute not later than the next term. Scogins v. Perry, 46 Texas, 113; Donley v. Wiggins, 52 Texas, 301.

2. The judgment is in favor of George F. Schneider and Charles A. Schneider, composing the firm of Schneider Bros. It is nowhere averred that they were parties to the proceeding. The motion was filed by George Schneider & Co., a firm composed of Charles A. Schneider. The plaintiff in the motion and those named in the judgment are not the same, nor do they even have the same firm name. No other plaintiffs than those mentioned in the pleadings can recover judgment. Dunlap v. Southerlin, 63 Texas, 42.

*Wheeler & Rhodes,* for defendants in error.

GARRETT, CHIEF JUSTICE.—The judgment of the court below in this case will be affirmed.

1. Plaintiff's right to proceed under the statute was not barred by lapse of time.

2. All the proceedings show that the motion or complaint was made in the case of Schneider Bros. v. Giozza, and although the complaint purports to have been made by George Schneider & Co., a firm composed of Charles Schneider, the judgment was rendered in favor of the right parties. The name of plaintiffs given in the motion will be treated as a misnomer. 1 Black on Judg., sec. 213; Kronski v. Railway, 77 Mo., 369.

*Affirmed.*

Delivered September 13, 1894.