J. Davis v. S. B. Sisk.

Decided February 8, 1908.

**1.—Contract—Part Verbal, Part Written—Proof.**

Where a tract of land was exchanged for a stock of merchandise and several town lots, and deeds were executed by the parties respectively to the land and lots, but there was no written evidence of the terms of the exchange, parol evidence was admissible as to the terms of the contract of exchange.

**2.—Contract—Breach—Damages—Estoppel.**

Where D. and S. exchanged property, D. agreeing to discharge certain debts which constituted an incumbrance on the property given by him in exchange, and failed to do so, whereby S. loses said property, the fact that S. sued the parties seizing said property for its value and for damages for the seizure of the same, would not estop him from demanding from D. the value of the property so lost, and which he failed to recover from the parties appropriating the same.

**3.—Set-off—Insolvency.**

Where the plaintiff in a suit upon promissory notes is insolvent, it is proper to allow the defendant to offset the amount of the notes with damages suffered by him by reason of a breach by the plaintiff of the contract to which the notes relate.

Appeal from the District Court of Delta County. Tried below before Hon. T. D. Montrose.

*J. L. Young,* for appellant.

*Neyland & Neyland,* for appellee.

RAINEY, Chief Justice.—The following statement taken from appellee's brief is adopted as our conclusions of facts, to wit:

"On the 24th day of October and prior thereto the appellant was a merchant doing business, with one A. P. Bruce, as a partner, in the town of Klondyke, Delta County, Texas, and was the owner of the following described property, to wit: one-half interest in a stock of goods, wares and merchandise, together with a $215 interest in the other half, the said stock of goods being worth about $2,000, and a one-half interest in a store house of the value of $750, and

the appellant owned, in addition, the house and lots in his petition described, worth $800. At the time the appellant represented that there were commercial debts owing by said firm of about $400, but in truth and in fact there were about $1,200 commercial debts against the said stock, which debts appellant agreed to pay.

"On the said 24th day of October, 1902, the appellee was a farmer, and owned a farm of 200 acres of land situated in Franklin County, Texas, worth $2,500, and he owed on the said farm the sum of $750, which was not due. On the day mentioned, the appellant and appellee met at the house of A. Owen, in Franklin County, and entered into a verbal trade and called up witnesses to witness same, which trade was as follows: The appellant traded to the appellee all of his interest in the property above named, and contracted and agreed to pay off and discharge the commercial debts owing by the firm of Davis & Bruce, and stated that he had more than enough good accounts owing by good men to pay said debts, and would be up in a few days and attend to it. The appellee, in consideration of the property received by him and the promise to pay said debts, traded the appellant his 200 acre farm, and was to pay off the debt owed against same. After the trade was made and witnessed, the parties agreed that they would, with their wives, meet in the town of Mt. Vernon and execute deeds to the real estate, and that meeting was not for the purpose of making a trade or reducing the entire deal to writing, but solely for the purpose of reducing that part of the trade that related to the real estate, to writing.

"On the 25th day of October, it being the next day after the trade was made, the parties met in the office of attorney Wilkerson, in Mt. Vernon, and he drew a deed from the appellee and his wife, conveying to the appellant the 200 acre farm, also a deed from the appellant and his wife to the appellee, conveying to the appellee the real property in Klondyke, and there being a lien on the appellee's farm the appellant was permitted to keep a lien on the land conveyed by him to secure him against the failure of appellee to pay the amount owed by him on the farm, and there being no legal necessity to reduce the sale of the personal property to writing the appellee trusted the appellant to keep that part of the consideration of the trade and pay off the commercial debts owing on the stock of goods. The parties and their wives duly executed the conveyances to the property respectively owned by them, as stated. Each party took actual possession of the property received from the other, and a short time after the appellee went into the possession of the stock of goods the creditors of Davis & Bruce began demanding the payment of the debts owing by that firm on the stock of goods, and the appellee at once called upon the appellant to comply with that part of the consideration and come forward and pay the said debts. On the appellant failing to pay said debts, the creditors sued the firm of Davis & Bruce, and attached the entire stock of goods and the store house, it being admitted the value of the stock taken was $1,722.26, and it was proved that the store house was worth $750, and the appellee being unable to give bond or pay the debts, lost the full value of same. After the creditors attached

the stock of goods the appellant disposed of the farm and became insolvent, and the appellee used every effort to protect himself by suing the creditors and the sheriff and officers levying the attachments, and in one action did recover $196. At the time of bringing this action and at the time of the trial the appellant was insolvent, and the appellee could not make him respond in damages, and therefore filed his pleading setting up the entire trade and the breach of the same by appellant and prayed for relief, in damages, to cancel the notes, etc., and on the trial of the cause the court found in favor of appellee, cancelling the notes with a part of the damages and giving judgment in favor of appellee for the overplus, to wit: $265, from which judgment the appellant appeals."

The appellant, J. Davis, brought this suit against appellee, S. B. Sisk, to recover on two notes for $375 each, aggregating $750 and interest, and to foreclose a vendor's lien on certain real estate described in plaintiff's petition, said lien being retained on said land to secure said notes.

Defendant answered by general denial, and specially, in substance, setting up the trade the parties had entered into, the failure of plaintiff to pay off and discharge the mercantile indebtedness of Davis & Bruce, the subsequent attachments and loss to defendant of the goods and store house, and prayed for $1,257 damages which he asks be applied to the cancellation of said two notes, and judgment for the remainder.

The contention of appellant is, that the contract between the parties, as shown by the two deeds of conveyance, embraced all the terms of said contract and that parol testimony could not be resorted to to alter, add to or change said contract as therein contained. Appellee contends upon the other hand, that said conveyances do not contain all the terms of the contract as made between them, but that said deeds of conveyance only embrace that part of the contract that the law required to be in writing to make binding, and that the portion of the contract in relation to personal property was not reduced to writing, and under these circumstances it was competent to show, in addition to the deeds, by parol what the unwritten portion was. In other words, that where there is a contract made, part of which is reduced to writing and part not, that the unwritten portion can be shown by parol.

Under the facts of this case the contention of appellee accords with our views. The rule that "parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument," does not apply "where the original contract was verbal and entire, and a part only reduced to writing." Thomas v. Hammond, 47 Texas, 42; Hansen v. Yturria, 48 S. W. Rep., 795; Peel v. Giesen, 21 Texas Civ. App., 334. It is clear from the evidence that the two deeds of conveyance did not embrace the entire contract. The consideration expressed in each was certain real estate, with the addition in the deed from Davis to Sisk, the mention of two notes which Sisk gave Davis to secure the payment of the indebtedness due by Sisk on the land conveyed by Sisk to Davis. Nothing is mentioned of the stock of goods that was sold by Davis

to Sisk, and all the witnesses testify that the sale of these goods was included in the transaction. Whether or not Sisk assumed the mercantile debts of Davis is the only part of the transaction about which there is a controversy, and the court having found this issue against Davis, and the evidence supporting this finding, it is conclusive.

The proposition is made that Sisk is estopped from recovery in this case because he sought to recover from the attaching creditors of Davis & Bruce for the seizure and sale of the goods. We think there is no element of estoppel in this respect. Davis agreed to pay off the mercantile debts, which he represented to be about four hundred dollars. Sisk relied on these representations, and when the creditors were pressing him he tried to get Davis to comply with his promise, which Davis failed to do. Sisk not having the money to pay said debts, was compelled to let the property go. The property having gone to pay Davis's debts, without fault of Sisk, Davis became liable to him for the value of the property that Davis had paid Sisk and lost to Sisk by reason of said transactions.

If the suing out of the attachments was wrongful it was Sisk's duty to try by suit to recover what damages he had sustained, for Davis would not have been responsible to him for the wrongful interference to the property. But Sisk having failed in the suits to recover except as to $196, Davis was responsible to him for the balance and, as Davis was insolvent, there was no error in cancelling the notes and giving him a judgment for the balance of the recovery.

The court did not err in not permitting appellant's wife to testify that appellant told her, on the way to Mt. Vernon to sign the deeds and on the return therefrom, that the "trade between himself and the defendant was that defendant was to pay the debts against the firm and business," etc. This testimony was hearsay and self-serving and we think clearly inadmissible.

The evidence was sufficient to support the judgment, and finding no error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.