RAHE v. YETT et al.

(Court of Civil Appeals of Texas. San Antonio. Feb. 18, 1914.)

1. BILLS AND NOTES (§ 484*) — ACTIONS — PLEADING.

In a suit on a check by an assignee, an answer, alleging an original agreement by the drawer to pay the payee $600 for land in merchandise and in settlement of accounts, and that for the protection of the payee checks were issued each month to be taken up at the end of the month and new checks for a less amount showing deductions on account of payments during the month were issued, that the check in question was issued September 1st under an agreement that the amount of merchandise furnished the payee during that month and of the accounts paid should be deducted from the check, and that merchandise was furnished and accounts were paid by the drawer during that month amounting to $102, which should be deducted from the check, pleads a partial payment and not a set-off.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1535–1538, 1563; Dec. Dig. § 484.*]

2. BILLS AND NOTES (§ 539*)—STATEMENT OF FACTS—CONSTRUCTION OF FINDINGS.

Where an answer pleaded facts constituting a plea of payment on the note sued on a finding that plaintiff's assignor was "indebted" to defendant, and a conclusion of law that defendant was entitled to a "set-off" against such assignor, will be regarded on appeal as a finding of a partial payment, though there is no statement of facts in the record, the court having made a general finding that the allegations of the answer were true.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1911–1913, 1934; Dec. Dig. § 539.*]

3. EVIDENCE (§ 443*) — PAROL EVIDENCE AFFECTING DOCUMENTS.

Where a check was given as part of a more comprehensive transaction, the terms of which were not attempted to be expressed in writing, parol evidence of the terms of the transaction in which the check was given and of the mode provided for the check's discharge is admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1377–1380, 1383–1392, 1394–1423; Dec. Dig. § 443.*]

4. BILLS AND NOTES (§ 350*) — RIGHTS OF HOLDERS.

A purchaser of a check after maturity, which shows on its face that payment had been

---

refused, takes it subject to the equities between the parties, and if the debt evidenced by the check has been partially discharged he acquires nothing more than the balance due.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 882; Dec. Dig. § 350.*]

5. ELECTION OF REMEDIES (§ 7*)—WHAT CONSTITUTES.

A purchaser of land agreed to pay the price in merchandise and by settlement of accounts due from the grantor and for the purpose of securing the grantor checks for the balance of the purchase price were issued each month with the understanding that at the end of the month they should be taken up and checks for a lesser amount, on account of payments during the month, should be issued for the succeeding month. The grantor, contrary to the terms of the agreement, transferred one of the checks so issued in payment of another tract of land, although nearly half of the amount of the check had been discharged during the month. The purchaser, being uncertain of his rights, brought an action against the grantor and levied an attachment upon the land bought by his grantor with the proceeds of the check. Held, that this action did not entitle the holder of the check, who took after maturity and with notice of dishonor, to assert his right to collect the entire amount of the check, upon the theory that the purchaser having brought an action against the grantor made an election of remedies precluding him from setting up his partial payment, for such action would not affect the rights of the parties to the check.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 12; Dec. Dig. § 7.*]

Appeal from District Court, Kerr County; R. H. Burney, Judge.

Action by Wm. Yett against Otto Rahe and another. From a judgment for plaintiff, the named defendant appeals. Reformed and affirmed.

H. C. Geddie, of Kerrville, for appellant.

MOURSUND, J. Wm. Yett sued Otto Rahe as maker, and A. Wood as indorser of a check for $228.48, dated October 1, 1912, executed by Rahe to Wood, and sought to establish and foreclose an equitable lien upon three certain lots sold by him to Wood for said check. It was alleged that the check was indorsed and delivered to plaintiff on October 5, 1912, and payment thereof was refused by the bank upon which it was drawn.

Wood answered by general demurrer, various special exceptions, a general denial, and a special answer containing the following allegations: That he sold Rahe certain land, and it was understood between them at the time of such sale that he would take pay for his land in merchandise, such as he needed from time to time, out of Rahe's store, and that Rahe would pay for such other necessaries as were essential for the proper care and maintenance of Wood and his wife from time to time, until the consideration for said land was used up; that Rahe complied with his part of said contract and furnished Wood necessaries from his store and paid his drug and doctor's bills; that, when said check was made, the amount of said check

was yet due Rahe by Wood, and it was agreed that Rahe would furnish Wood necessaries during the month of September, 1912, as he had been doing, and on October 1st, when such check should become due, credits for such amounts as had been furnished and paid by Rahe would be made on said check; that at the time said check was executed Wood had a small account with Rahe, and continued to trade with him under the terms of the contract above mentioned, and at Wood's instance and request Rahe paid a physician's bill and a drug bill on October 1, 1912, the aggregate of the amount due Rahe and the amounts so paid out being $102.48; that at the time Wood bought the lots from plaintiff, and prior thereto, the latter had full knowledge of all the facts above mentioned, and it was understood and agreed that plaintiff would settle the account due Rahe and adjust the matter with him; that in fact the price he was to pay plaintiff for the lots was $125 and not $225, as alleged by plaintiff; that no lien was retained by Wood upon the land sold by him to Rahe, and it was agreed that said check was accepted and held by Wood for his protection. Other allegations are made, not necessary to state, and defendant Wood sought to rescind the sale of the lots by plaintiff to him.

Rahe answered by general demurrer, special exceptions, general denial, and a special answer to the following effect: That sometime prior to September 1, 1912, he bought certain land from Wood for $600, and it was agreed that Wood would accept pay for the land in merchandise, such as he and his family needed, out of Rahe's store, and that Rahe would pay for such other necessaries as Wood and his family needed, including drug bills and doctor's bills; that he had furnished Wood from time to time as agreed, and would from time to time give Wood a check, payable a month or more in advance of the date when given, for the balance or approximate balance due at the last settlement, to protect Wood, and when the check became due it would be taken up and another one given, or an understanding had between them; that on September 1, 1912, he gave Wood his check for $225, due October 1st thereafter, for the purpose of covering all sums due Wood for the balance of the purchase price of said land, and for the purpose of securing to Wood such purchase price; that in fact the check for $228.48 was for a greater sum than he owed Wood, as Wood then had an account of a few dollars with Rahe; that on October 1, 1912, when the check became due, Wood owed Rahe for merchandise furnished under the contract aforesaid, $36.43; that at Wood's instance and request that he pay Dr. Langford's bill for medical services amounting to $56.35, he paid said bill on October 1st, and

---

also at Wood's request paid Wood's drug bill to O. Sellers; that the total sum thus paid by Rahe for Wood and to be credited on said check at the maturity of same on October 11, 1912, was $102.48; that the amount due Wood, not taking into consideration the balance due defendant on account, was $228.48, and, after the credits aforesaid were made, there remained due on the land and on said check the sum of $126.00; that he has tendered plaintiff said sum of $126, which plaintiff declined, and refused to surrender the check, and he tenders into court $130.86 to cover said amount with interest; that plaintiff accepted the check from Wood, after its maturity, knowing there was a credit due on said check amounting to $102.48, and took same in full payment for the lots sold by him to Wood. He prayed that the sale of the lots by plaintiff to Wood be rescinded, or that plaintiff be required to accept the money tendered, and take nothing further by his suit.

Plaintiff, by supplemental petition, urged a general demurrer and special exceptions to the answers, and alleged that on or about October 8, 1912, and after Wood had sold and indorsed the check to plaintiff, Rahe sued Wood for the debt of $102.48, which he claims in his answer should be credited on the check, and on November 4, 1912, obtained judgment for said sum; that Rahe had an attachment issued in said suit, and levied upon the lots sold by plaintiff to Wood; that such judgment is still in force and so is the attachment lien; that if Rahe ever had the right to have said $102.48 credited on the check he also had the right, after sale and indorsement of the check by Wood, to collect the $102.48 from Wood by suit, but the two remedies were inconsistent, and could not be pursued together, and the adoption of the remedy of suit against Wood was an election between said remedies, and precluded him from claiming the right to have the $102.48 credited upon the check.

Several of the special exceptions urged by plaintiff presented the objection to the answers that thereby a parol agreement was alleged changing and modifying a written contract. No judgment was entered with respect to the demurrers and exceptions, but Wood and Rahe in their trial amendment state that the same is filed to amend the answers in the respects wherein the court had held them defective. In such trial amendment they amplified the defenses urged in their original answers, and Wood alleged that plaintiff knew there was an offset due Rahe on the check; that the check showed that payment thereof had been refused by the bank; and that he told plaintiff there was a credit of about $100 to be placed on the check. Wood tendered a reconveyance of the lots deeded him by plaintiff, and both defendants tendered a release of the attachment lien upon the lots. No exceptions were urged to the trial amendment.

By supplemental answer Rahe alleged that the suit mentioned in plaintiff's supplemental petition was brought at the instance of his attorney, Louis Walter, as a mere precautionary measure, when he learned that the check had been transferred and before he knew that the transfer did not affect his liability; that said suit has not been prosecuted further than to obtain judgment, no lien has been foreclosed, and it is not his purpose, nor has it been since he discovered the real facts in the case, to hold such judgment.

The trial before the court resulted in a judgment for plaintiff against both defendants for $234.80, from which Rahe appealed.

The court filed findings of fact and conclusions of law. The facts found, in so far as they affect questions raised upon this appeal, briefly stated, are as follows:

(1) In June, 1912, Wood sold Rahe certain land, the deed reciting $600 cash paid, but the parties had an agreement as to the payment for the land substantially as alleged by the defendants in their answer herein, "payment to be made by Rahe from time to time in merchandise and in the settlement of other accounts for the said Wood."

(2) On September 1, 1912, Rahe owed Wood a balance for said land of $228.48, and gave Wood a check for such amount, dating same October 1, 1912, being the check sued on by plaintiff. It was agreed between Wood and Rahe at the time the check was given that it was not due or to be paid until October 1, 1912, and in the meantime Rahe was to furnish Wood with merchandise, pay his doctor's bills and drug account if any he made, and that such sum should on October 1st be deducted from the said check.

(3) Just before the check became due, Rahe notified the bank on which it was drawn not to pay the same. Wood presented it for payment on October 1, 1912, and payment was refused; the cashier endorsing the same, "Payment refused."

(4) On October 5, 1912, plaintiff sold Wood the lots described in the petition for $225 as expressed in the deed; the check for $228.48 being indorsed and delivered by Wood to plaintiff, and it being agreed that the balance over the price of the land was to be paid by plaintiff to Wood by delivery of Wood.

(5) Plaintiff at the time he received the check knew that payment thereof had been refused by the drawer; that the same was past due, and he also knew that Wood was indebted to Rahe in some amount, "but did not know of any agreement as between Wood and Rahe that no part of the said check was to be paid in money."

(6) At the time Wood sold and indorsed the check to plaintiff, he (Wood) was indebted to Rahe in the sums and items specified in the defendant's answer, aggregating $102.48.

(7) On October 8, 1912, Rahe sued Wood for the claim set up and pleaded by way of set-

off in Rahe's answer herein, amounting to $102.48; that in said suit Rahe had an attachment issued and levied upon the lots sold by plaintiff to defendant Wood; that on November 4, 1912, judgment was entered in said suit in favor of Rahe for the amount sued for; that, at the time this suit was brought, said judgment and attachment lien were in full force and effect, but Rahe has not collected the judgment or foreclosed the lien in so far as is shown.

(8) After the rendition of said judgment, but before this suit was filed, Rahe tendered plaintiff the amount of said check, less $102.-48, and has since then kept said tender good, but plaintiff has at all times refused to accept the amount tendered and release Rahe; that Rahe has tendered into court $130.86, being the balance due on said check, after deducting $102.48, plus 6 per cent. interest to date of trial. Rahe executed and tendered to plaintiff a release of the judgment against Wood and of the attachment lien above mentioned, which was refused by plaintiff.

(9) Wood, shortly after the trade between him and plaintiff, offered to deed back to plaintiff the lots and give him $30 in addition, if plaintiff would rescind the sale of the lots and return the check to Wood, and this was refused by plaintiff. Wood also tendered into court the deed he received to the lots, a reconveyance thereof to plaintiff, and a release by Rahe of the attachment lien, all of which plaintiff refused.

(10) That plaintiff has no equitable lien upon the lots sold by him to Wood.

The court's conclusions of law, on questions arising upon this appeal, were:

1. That, at the time the check was indorsed by Wood to plaintiff, Rahe had a valid defense by way of set-off against plaintiff and Wood, in the sum of $102.48 against any suit brought on the check, or Rahe was entitled to an independent suit against Wood for said amount.

2. That these remedies were inconsistent, and, Rahe having procured a judgment in the justice's court against Wood for said amount, he elected his remedy and is now bound thereby, and is estopped from pleading the same matter as a defense in this suit on the check.

3. That, if Rahe had a right to set off such amount in this suit against plaintiff's claim, the same was not properly pleaded, as the account was merged into the judgment, and therefore the judgment and not the account should have been pleaded to offset plaintiff's claim. These conclusions are attacked by appellant by a number of appropriate assignments of error.

His first contention is that the court erred in permitting a recovery against him for the amount of the check for the reason that the sum of $102.48 had been paid thereon pursuant to and in accordance with the terms of the contract between him and Wood, that thereby the debt evidenced by the check was extinguished to that extent. As plaintiff received the check knowing that payment thereof had been refused by the drawer, that it was past due, and that Wood was indebted to Rahe in some amount, he took the same subject to the equities existing between Rahe and Wood. Johnson v. Harrison, 177 Ind. 240, 97 N. E. 930, 39 L. R. A. (N. S.) 1207; Y. M. C. A. Gymnasium Co. v. Rockford Nat. Bank, 179 Ill. 599, 54 N. E. 297, 46 L. R. A. 809, 70 Am. St. Rep. 135; Terhune v. Bank, 24 Tex. Civ. App. 244, 60 S. W. 352. It was not necessary that he should know just what those equities were; having been put on notice thereof, it was his duty to inform himself of their extent.

[1, 2] The trial court based his decision upon the theory that offsets had been pleaded, and not payment. The contention by appellant is that payment was pleaded and proved. We conclude that Wood and Rahe pleaded payment, and not offset. They allege an original agreement to the effect that Rahe was to pay Wood the $600, contracted to be paid for land, in merchandise and the settlement of accounts for Wood; that the items composing the $102.48 were paid under said contract, and also under a subsequent agreement, made September 1st, part of which was evidenced by the check sued upon, by which agreement it was provided that on October 1st the amount due Rahe for merchandise furnished Wood during September and accounts paid for Wood should be deducted from the check. There is no statement of facts, but the court found the evidence established the original agreement as pleaded, and also that, at the time the check was given, it was agreed between Wood and Rahe that it was not to be due until October 1, 1912, and that "in the meantime Rahe was to furnish Wood with goods and supplies, pay his doctor's bills and drug account if any he made, and "that such sum should on October 1st be deducted from the said check"; and that at the time Wood sold the check to plaintiff he (Wood) was indebted to Rahe in the items specified in the defendant's answer, aggregating $102.48. We think these findings, when considered together, amount to a finding that the allegations of the answer pleading payment were sustained by the evidence. The court expressly finds the agreement to have been that the items were to be deducted from the check, and that the original agreement was for payment of the debt in the manner pleaded, and he finds that the items are correct as pleaded by defendants, but uses the expression that Wood was "indebted" to Rahe in said amount at the time the check was transferred. We do not think the court, by using the word "indebted," meant to find that the $102.48 was a mere offset instead of a payment. Had he found that the merchandise was furnished and the bills paid by Rahe without any agreement for the deduction of the amounts from the check, it would plainly appear that

these items could only constitute offsets, but instead he found the agreements above stated.

[3] No issue was made as to the right to plead and prove by parol an agreement for payment of the check otherwise than in money, and it appears that such objection could not have been asserted because the check was given as part of a more comprehensive transaction, the terms of which were not attempted to be expressed in writing, and therefore proof of the parts not reduced to writing was admissible, and further because the check was not given in final settlement of their accounts, but with the distinct understanding that a further settlement would be had at the end of September. Allen v. Herrick Hardware Co., 55 Tex. Civ. App. 249, 118 S. W. 1157; Meeks v. Holmes Commerce Co., 154 S. W. 365; Williams v. Mowing Machine Co., 154 S. W. 366; Hansen v. Yturria, 48 S. W. 795; Thomas v. Hammond, 47 Tex. 42; Davis v. Sisk, 49 Tex. Civ. App. 193, 108 S. W. 472; Peel v. Giesen, 21 Tex. Civ. App. 334, 51 S. W. 44; Beach v. Nevins, 162 Fed. 129, 89 C. C. A. 129, 18 L. R. A. (N. S.) 289; Murdy v. Skyles, 101 Iowa, 549, 70 N. W. 714, 63 Am. St. Rep. 411; Calvert v. Nickles, 26 S. C. 304, 2 S. E. 116.

[4, 5] The payment of $102.48 upon the debt evidenced by the check in goods and by the payment of bills due by Wood was just as effective as if that amount of money had been paid. Tinsley v. Ryan, 9 Tex. 407; Robson v. Watts, 11 Tex. 767; Snowden v. Estelle (Sup.) 13 S. W. 970; Caldwell v. Dutton, 20 Tex. Civ. App. 371, 49 S. W. 723; Hamburg v. Wood, 66 Tex. 168, 18 S. W. 623. The debt was discharged to that extent, and when plaintiff bought the check (the evidence of the debt) after dishonor thereof, and with notice of equities against same, he acquired nothing more than the balance due on the debt; and had he sued at once would have been entitled to judgment only for such balance. That being the case, Rahe could not, by thereafter bringing a suit to recover the $102.48, add such amount to the debt bought by plaintiff. The fact that Rahe brought the suit was to be considered with the other facts in determining whether the allegations of payment were true, or whether the debt was a mere offset; but, when it is decided from all the evidence that payment was made, the bringing of the suit and procurement of judgment could not increase the debt bought by plaintiff prior to the bringing of such suit. The unauthorized recovery of said judgment could not restore the check to its original face value. Rahe had no cause of action against Wood for payments made upon a debt justly due Wood; but if Wood violated their contract and transferred the check to an innocent purchaser for value, and thereby compelled Rahe to again pay the $102.48, Rahe could have recovered his dam-

ages by suit against Wood. Rahe contended that he brought his suit against Wood under the impression that the transfer of the check deprived him of his right to assert that the same was partly paid. The record does not disclose what he pleaded in the suit against Wood; but, regardless of what he pleaded, such suit did not affect the debt bought by plaintiff prior thereto, nor injure him in any way, as he had no equitable lien upon the lots levied upon by writ of attachment issued in said suit. We agree with the trial court that, if the $102.48 was an independent debt due Rahe by Wood, it would have to be pleaded as a set-off, and that, after it was merged into a judgment, the judgment itself should be pleaded instead of the original debt. But upon the theory that it was a payment, which we think is established, the court's conclusion that plaintiff should recover the entire amount of the check cannot be sustained.

Rahe made no contention for his right to pay the remainder due on the check as provided by the original contract. He tendered the balance to plaintiff and has kept his tender good, and plaintiff is entitled to judgment for the money tendered into court.

The judgment of the trial court is reformed so as to provide that as against Rahe the plaintiff shall recover only the sum tendered into court, and that appellee Yett shall pay all costs of the trial court incurred by making Rahe a party thereto. In all other respects the judgment will be affirmed. The costs of this appeal will be taxed against appellee Yett.

Judgment reformed and affirmed.