REBOLD LUMBER CO. v. SCRIPTURE et al. (No. 50.)*

(Court of Civil Appeals of Texas. Eastland. Dec. 18, 1925. Rehearing Denied Jan. 29, 1926.)

1. Frauds, statute of ⬅63(5)—Proof of relinquishment of trust estate in land may be by parol.

Where the equitable title of a cestui que trust in land, the legal title to which is in a trustee, is provable only by parol evidence, in such case parol evidence is admissible to show relinquishment or cancellation of the trust, so that the trustee shall thereafter have entire title and beneficial ownership.

2. Evidence ⬅442(6)—Parol proof of relinquishment to trustee of beneficial title not inadmissible as contradicting written agreement under which other property also conveyed.

Where, pursuant to oral and written agreement, corporation conveyed its property to one who held legal title to certain of its lots as trustee, relinquishment by corporation to the trustee, of such lots, could be shown by parol; such proof not being contradictory of the written part of the agreement.

Appeal from District Court, Eastland County; George L. Davenport, Judge.

Action by the Rebold Lumber Company against E. A. Scripture and others. From a judgment in favor of defendants, the plaintiff appeals. Affirmed.

Turner, Seaberry & Springer, of Eastland, for appellant.

Scott, Brelsford, Ferrell & Brelsford and Funderburk & Richardson, all of Eastland, for appellees.

RIDGELL, J. Appellant corporation instituted suit in the district court to recover the title and possession of three certain lots located in the city of Eastland against appellees E. A. Scripture and Scripture Lumber Company, a corporation. In the first count, appellant's suit was in the form of trespass to try title. In the second count, appellant alleged that the land in controversy was purchased with funds belonging to it, through its agent, Scripture, that the legal title was taken in Scripture's name for convenience, but that the equitable title and estate had at all times remained in appellant.

Appellees answered by general denial, and specially that, if Scripture held said land in trust, it was conveyed to him in March, 1922, by virtue of a contract between himself and appellant, which contract was partly oral and partly in writing, and by virtue of the oral part the land in controversy was relinquished to Scripture.

Appellees by their answer contended that by a contract between Scripture and Rebold Lumber Company, made in March, 1922, Rebold Lumber Company, in consideration of the assumption of certain of its indebtedness by Scripture, agreed to transfer and convey to Scripture certain real and personal property, which agreement was in writing, and, for the same consideration, by verbal agreement relinquished to Scripture certain other real estate, including the land in controversy, the legal title to which already stood in the name of said Scripture, and that these several agreements constituted one contract, partly in writing and partly parol.

The first, second, and fourth propositions really involve the same question of law, and we will undertake to treat the same together; the said propositions being as follows:

First proposition: An equitable interest in, or title to, real estate may be conveyed by an instrument in writing only.

Second proposition: Parol testimony is not admissible to enlarge upon a written contract when the part sought to be proved by verbal evidence was by the parties intentionally omitted from the written contract.

Fourth proposition: Land of a corporation cannot be transferred by a verbal declaration of its acting attorney, not an officer or stockholder of the corporation, to the effect that it was not necessary to include the land in the written contract.

The trial court filed conclusions of law and fact as follows:

"I find that about February, 1922, trustees in bankruptcy of Harrell Lumber Company sold

certáin real and personal property, consisting of assets of the bankrupt, to E. A. Scripture, for a consideration of $12,750; that title to the property was taken in the name of E. A. Scripture, but that plaintiff, Rebold Lumber Company, paid the entire amount of the consideration, and that a trust was impressed upon said property in favor of said Rebold Lumber Company.

"I further find that on or about the 15th day of March, 1922, in pursuance of negotiations looking to that end, Rebold Lumber Company, acting by and through all of its stockholders except defendant E. A. Scripture, made and entered into an agreement with said E. A. Scripture, to sell and convey to the latter all of the property and assets of the Rebold Lumber Company, with some minor exceptions, in consideration of the promise and agreement by said Scripture to pay all of the indebtedness of said Rebold Lumber Company, with certain minor exceptions not necessary to mention; that a part of the property agreed to be conveyed and transferred to said Scripture was what was known in a general way to the contracting parties as the 'Eastland investment,' consisting of lumber, lumber yard stocks, fixtures, accounts, etc., and all of the real estate owned by the Rebold Lumber Company in the state of Texas, including the land described in plaintiff's pleading and involved in this suit; that, after the agreement was reached, Rebold Lumber Company or all of its stockholders except one other stockholder, E. A. Scripture, requested its attorney, one Mr. Shelton, in conference with Scripture and his attorney, a Mr. Carter, to prepare the necessary papers to effectuate and evidence the agreement; that said attorney of Rebold Lumber Company, and the said E. A. Scripture and his attorney, between them prepared a written proposal of purchase to be signed by the said E. A. Scripture, and a written acceptance thereof to be signed by the said E. A. Scripture, and a written acceptance thereof to be signed by Rebold Lumber Company, embodying most of the terms and provisions of the contract of sale, save and except at the instance and request of the attorney of Rebold Lumber Company no mention was made of the real estate described in plaintiff's petition, for the reason that the legal title to same already stood in the name of E. A. Scripture, and it would be an unnecessary conveyance to do so, from which I further find the purpose and intent to confirm the title to said real estate in Scripture by relinquishment of the trust.

"I further find that the agreement for the transfer of assets by Rebold Lumber Company to Scripture was finally consummated about the 29th day of March, 1922; that E. A. Scripture paid indebtedness of Rebold Lumber Company in the sum of $40,000 or more, and that the conveyances of property that were in writing and held in escrow pending the payment of such indebtedness were duly delivered to him, after which the items theretofore carried on the books of account of Rebold Lumber Company, styled 'Eastland investment,' and which I find to include the real estate described in plaintiff's petition, were charged off the books of account of said company.

"I further find that the relinquishment by Rebold Lumber Company of its interest as cestui que trust in the land described in plaintiff's petition, as a part of the contract of purchase and sale mentioned above, was fully authorized by the board of directors of Rebold Lumber Company, but, if there was any informality or irregularity in the manner of such transfer, nevertheless each and all of the stockholders of Rebold Lumber Company participated therein; that such relinquishment was a part of the consideration moving to the said Scripture for the payment of the indebtedness of Rebold Lumber Company; that the corporation, Rebold Lumber Company, got the benefit of such consideration, and is estopped by the act of all of its stockholders to claim that the relinquishment was without proper authority.

"I conclude that the relinquishment of the trust of Rebold Lumber Company in the land involved in this suit vested the ownership thereof in E. A. Scripture by virtue of his legal title thereto, and that plaintiff is not entitled to recover herein."

There is sufficient evidence to support the findings of fact found by the court, and the legal conclusions justify the judgment of the court.

The appellants insist that, even though the record shows that the legal title to the land in controversy was vested and in the name of appellee, and that the trust sought to be imposed upon same was established by parol, parol testimony would not be admissible to show relinquishment of the trust.

[1] It seems to us the following counter proposition made by appellee is supported by the authorities in this state: Where the equitable title of a cestui que trust in land, the legal title to which is in a trustee, is provable only by parol evidence, in such case parol evidence is admissible to show a relinquishment or cancellation of the trust, so that the trustee shall thereafter have entire title and beneficial ownership of the land.

Authorities: Archenhold v. Evans, 11 Tex. Civ. App. 138, 32 S. W. 795; Tempel v. Dodge, 11 Tex. Civ. App. 42, 31 S. W. 686, 89 Tex. 69, 32 S. W. 514, 33 S. W. 222; Gorrell v. Alspaugh, 120 N. C. 362, 27 S. W. 85; Felts v. Bell County, 103 Tex. 616, 132 S. W. 123 (Tex. Civ. App.) 120 S. W. 1065; Daugherty v. Roasberry (Tex. Civ. App.) 229 S. W. 927; 22 C. J. 1261; Nass v. Chadwick, 70 Tex. 157, 7 S. W. 828; Summerhill v. Hanner, 72 Tex. 224, 9 S. W. 881; Staley v. Stone, 41 Tex. Civ. App. 299, 92 S. W. 1017; Evans v. Ashe, 50 Tex. Civ. App. 54, 108 S. W. 398, 1190; Walker v. Cole (Tex. Civ. App.) 27 S. W. 883; Hunter v. Hale (Tex. Civ. App.) 233 S. W. 1005; Terhune v. First Nat. Bank, 24 Tex. Civ. App. 242, 60 S. W. 352; Cadwallader v. Lovece, 10 Tex. Civ. App. 1, 29 S. W. 666.

It occurs to us that the cases of Archenhold v. Evans, supra, Temple v. Dodge, supra, and Felts v. Bell County, are very much in point, the Bell County Case fitting this case almost like a blanket. In that case the county judge bought the land for the county and took the title in his name but for the benefit of the county. Thereafter the county judge made

an agreement by which he credited an indebtedness of the county and agreed to take the land. No new conveyance was made, and no written release or relinquishment was executed. Bell county brought suit to recover the land, and the Supreme Court refused recovery.

In this case Scripture took these lots in his name, but by parol testimony it is shown that he held it in trust for appellant. The appellant, through its officers and board of directors, for valuable consideration relinquished the trust by a verbal agreement and we believe in this that the relinquishment was legally shown by parol.

The second proposition of appellant is as follows:

"In the absence of fraud, mistake, or accident, parol testimony is not admissible to change, vary, contradict, enlarge, or explain a written contract."

[2] The proposition made is not applicable under the facts in this case as shown by the findings of fact. The parol agreement of relinquishment and the lots same included were not included in the written contract, and said rule of law is not applicable under the facts in this case. It is well settled, where a contract is partly in writing and partly oral, and the oral part is not contradictory of, or repugnant to, the part in writing, parol evidence is admissible to prove the provisions of the contract not in writing. Simkins on Contracts, p. 463; Davis v. Sisk, 49 Tex. Civ. App. 193, 108 S. W. 472; Thomas v. Hammond, 47 Tex. 42; Johnson v. Elmen, 94 Tex. 168, at page 173, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845; Hansen v. Yturria (Tex. Civ. App.) 48 S. W. 795; Preston v. Breedlove, 36 Tex. 96; American Rio Grande Co. v. Mercedes Plantation Co. (Tex. Civ. App.) 155 S. W. 286; Foster v. Wright (Tex. Civ. App.) 217 S. W. 1090; Stuart v. Meyer (Tex. Civ. App.) 196 S. W. 615; Texas Central R. Co. v. Eldredge (Tex. Civ. App.) 155 S. W. 1010; Allen v. Herrick Hdwe. Co., 55 Tex. Civ. App. 249, 118 S. W. 1157.

It follows, therefore, that the court properly admitted evidence showing a parol agreement of relinquishment of the trust, and therefore vesting the legal title in appellee.

The appellant cites many cases, and insists that they support its contention and proposition, but, when applied to the facts of this case, it appears that they have no application. For instance, take the case of Coverdill v. Seymour, 94 Tex. 1, 57 S. W. 37, which is one of the cases strongly relied upon by appellant. In that case the plaintiff sold to defendant a lumber yard and stock of lumber and in the controversy it was attempted to prove that certain sashes and doors, part of the stock, were to pass only by separate contract. Of course, to permit the proof certainly would have contradicted the written contract, because in the purchase of lumber yard and stock of lumber certainly these attempted excepted articles were included. Another case, Railway Co. v. Smith, 98 Tex. 553, 86 S. W. 322, which is relied upon by appellant—in that case suit was brought for personal injuries, and defendant pleaded a written release, which recited a consideration of $15 and the assumption of the doctor's bill. Upon the trial, Smith sought to prove that the company also agreed to furnish employment, and the court refused to permit the testimony. It seems to us the court was correct in holding that the testimony sought to be elicited varied the written release, in the absence of pleadings of fraud, accident, or mistake, bringing same within the exception of the rule. We forebear further discussion of the authorities cited by appellant, for they have no application under the facts of this case.

As before stated herein, this proof of relinquishment was not in violation of any written contract, but was a separate contract, and comes within the exception to the general rule.

We realize that it is difficult to determine just where and under what circumstances the general exception to this rule applies, and it is generally the case that the exception must be tested and applied in the light and view of the evidence of the particular case. It would seem a very strange rule of law that would permit the proof of this trust by parol, and then would deny and refuse the right to prove a relinquishment by parol, where there is no written contract wherein the attempt would do violence or conflict.

All the assignments of error of appellant are therefore overruled, and, this court being of the opinion that the judgment of the trial court was correct, it is therefore ordered that this case be affirmed.