**BARBER et al. v. COLEMAN.**

No. 11504.

Court of Civil Appeals of Texas. Galveston.

Feb. 4, 1943.

On Rehearing July 22, 1943.

A. W. Hodde and R. E. Pennington, both of Brenham, for appellants.

Richard Spinn and W. J. Embrey, both of Brenham, for appellee.

CODY, Justice.

The parties to this appeal describe this suit as an action in the nature of trespass to try title to 65½ acres in Washington County, Texas. The suit was instituted by appellee against Prudie V. Howard Barber and husband, and Birdie E. Branch and husband. Plaintiff's petition did not contain the formal allegations of an action in trespass to try title. Plaintiff alleged in substance that on April 14, 1928, he conveyed the land to Prudie V. Howard (who later married Barber) in trust, to hold until his marital troubles were terminated; and that thereafter, on April 9, 1933, Prudie V. Howard reconveyed the land to him, less the north 15 acres thereof which he agreed she might retain; and that later, on November 16, 1935, she repudiated this reconveyance, as well as the trust deed of April 14, 1928, by conveying the 65½ acre tract to Birdie E. Branch, claiming to have acquired a fee simple title by the 1928 deed. The relief sought by plaintiff was that the title to and possession of the 65½ acre tract was decreed to plaintiff and that the 1928 deed be canceled and annulled, as well as the 1935 deed to Birdie E. Branch, etc. The defendant Prudie V. Howard Barber filed à lengthy answer, which urged certain special exceptions, and which set up her theory of the transaction, and also pled limitations of three and five years; and prayed that the cloud cast by the deed of 1933 from herself to plaintiff upon her title to the 65½ acre tract be removed. It would only be confusing to give the substance of the further pleadings.

The case was submitted on four special issues, upon which the jury found, in substance, as follows:

1. That when plaintiff executed the deed to defendant Prudie V. Howard, on April 14, 1928, she was to hold the land in his behalf until his marital or family difficulties had terminated.

2. That before November 9, 1933, at the time defendant Prudie V. Howard reconveyed the 50½ acres to plaintiff, her husband, R. H. Howard, had permanently abandoned her.

3. That the defendant Prudie V. Howard, after the year 1928, admitted in writing that plaintiff owned the lands involved in this suit.

4. That defendant Prudie V. Howard rented the land from plaintiff after the year 1928.

Upon the verdict the Court rendered judgment for plaintiff for title to the entire 65½ acre tract, and defendant Prudie V. Howard Barber, joined pro forma by her husband, has perfected her appeal. The points urged on appeal by said defendant are, in substance, as follows:

Points 1, 4, 5, and 6 complain of the court's failure to sustain defendant's special exceptions to certain allegations of plaintiff's petition which were mere conclusions of the pleader.

Point 2 complains of the court's refusal to permit defendant to show by witnesses that plaintiff's general reputation for truth and veracity, in the community where he resided, was bad.

Point 3 complains of the court's refusal to permit defendant to show by a witness that plaintiff's general reputation for honest and fair dealing, in the community where he resided, was bad.

Point 7 complains of the court's failure to sustain defendant's pleas of limitation.

Point 8 complains of the admission in evidence of the deed by defendant, dated November 9, 1933, because she was then a married woman, and was not joined by her husband in its execution.

Point 9 complains of the judgment giving plaintiff the entire 65½ acres, because, by accepting and recording the deed of November 9, 1933, reconveying 50½ acres, the trust relation thereupon ceased, and plaintiff owned the 50½ acres free and clear of any trust, and defendant owned the 15 acres free and clear of any trust.

Point 10 complains of the admission of certain evidence as prejudicial and inflammatory.

Point 11 complains of failure to instruct a verdict for defendant because plaintiff admitted that he conveyed the land to defendant to put it beyond the reach of his wife and child pending a divorce action between plaintiff and his wife.

Point 12 claims error because the court did not render judgment for defendant, notwithstanding the verdict; Point 13 urges that the jury's answer to special issue number one is against the great weight and preponderance of the evidence; Point 14 urges the same complaint against the jury's answer to special issue Number two.

It should here be noted that the 65½ acre tract was the separate property of plaintiff, having been conveyed to him by his grandmother, Prudie Spencer.

■ We overrule defendant's points 1, 4, 5 and 6. The allegations of plaintiff's petition, which it is complained were not of facts, but of mere conclusions, related to motives and inducements which were alleged to have caused plaintiff to convey the 65½ acre tract to defendant in trust, in 1928. As such, and insofar as they were material, they were sufficiently pled as against the objection that they were mere conclusions. The material and cardinal fact pled was that the conveyance was made in trust, for the benefit of the grantor, and not in fee for the benefit of the grantee. It is now settled by Court rule "that an allegation be evidentiary or be of legal conclusion shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole." Rule 45, Sub. b, Texas Rules of Civil Procedure.

■ With reference to Point 2, complaining of the court's refusal to permit defendant to adduce testimony of the general reputation of plaintiff, it is apparent from defendant's brief that she sought to introduce such evidence, and now complains of its rejection, upon the theory that this suit was of such nature as involved plaintiff's character, and made an inquiry concerning his honesty an issue of the suit. That is to say, the evidence was not offered to assail the credibility of a witness, but was offered solely as tending to prove that at the time of the transaction in 1928 the plaintiff was untrustworthy. We deduce this from the record and defendant's brief. It does not appear that defendant offered the testimony with reference to plaintiff's general reputation in the community in which he lived, in 1928, the date of the first deed. The record discloses that plaintiff removed to California from Washington County some ten or eleven years

before the trial, and has lived there ever since. "As a rule, in civil actions, the general character of the parties is not in issue, and evidence concerning it is not admissible, unless the nature of the action involves the general character of a party or goes directly to affect it." 17 Tex.Jur., 427, et seq. The nature of this suit did not put plaintiff's character in issue either as to truth and veracity or as to fair dealing. Furthermore, some latitude must be allowed the trial judge in admitting and excluding such evidence. Schaff v. Beale, Tex.Civ. App., 250 S.W. 757, 758, 759. We therefore overrule Point 2. What has been said with reference to Point 2 applies equally to Point 3, complaining that testimony was not admitted on plaintiff's general reputation for fair dealing in the community in which he lives.

■ Point 7, complaining of the court's failure to sustain defendant's pleas of limitation, is overruled. Defendant advances no reason why such pleas should have been sustained, and none occurs to us. Under plaintiff's theory of the case, he never learned that defendant was making any claim to the 65½ acre tract until shortly before he filed suit. And the undisputed evidence shows that defendant accounted to plaintiff for the rent of the land.

■■ We overrule defendant's Point 8, which complains that the court admitted in evidence the deed of November 9, 1933, whereby defendant reconveyed to plaintiff the south 50½ acres of the 65½ acre tract without the joinder of her husband. The jury, upon conflicting evidence, found that defendant had been permanently abandoned by her husband at the time of this conveyance. The plaintiff's conveyance to defendant, in 1928, had been made prior to defendant's marriage to Howard. Therefore no community interest therein could have vested in him. And under authority of Ross v. Tide Water Oil Co., 136 Tex. 66, 145 S.W.2d 1089, we hold that, it being established that Prudie's husband, Howard, had permanently abandoned her, she could make a valid conveyance, even of the fee simple title to her separate property, without his joinder. This with reference to the admissibility of the instrument, considered merely as a deed of conveyance.

The sense of defendant's 9th Point is this: That under plaintiff's theory of the case, according to which defendant acquired title to the 65½ acres in mere trust, by the deed of 1928, such trust relation necessarily ceased to exist when she reconveyed to plaintiff the south 50½ acres and retained the north 15 acres. Not only had the trust terminated, but the contract between the parties had been fulfilled and no part of the contract remained executory. Since no part of the contract remained executory, there was no unfulfilled performance which she could repudiate. The plaintiff owned the fee simple record title to the south 50½ acres, and the defendant the north 15. Since she owned the north 15 acres free of any claim, power, right or obligation so far as plaintiff was concerned by virtue of the deed and agreement of November, 1933, no conduct on her part could estop her from claiming to own the fee simple title thereto thereafter as against plaintiff, and the only way she could be divested of such title would be by a deed in writing. That is the only way a living person can be divested of title to land under the Statute of Frauds. If she was guilty of tortuous conduct which injured plaintiff, he might recover damages, but the 15 acres could be held liable therefor only by levying an execution thereon and selling out under execution sale.

We must sustain defendant's 9th Point. Neither of the parties have submitted authorities on the point, but the point is one of fact rather than of law; after the deed of 1933, plaintiff and defendant had the right to deal at arm's length—they stood in law, with reference to their several ownerships of the 50½ acres and the 15 acres, as strangers, owing to each only such obligation as one stranger owes another. And, if it was wrong for defendant to reach out and seize plaintiff's 50½ acres and attempt to appropriate them, it would be no less wrong for the Law, after refusing to permit such wrong, to reach out with the strong arm and appropriate the 15 acres for plaintiff. Defendant's attempted, but frustrated, wrong against plaintiff, will not justify giving her land to plaintiff. So far as appears, it is a sufficient remedy to allow plaintiff to recover his 50½ acres and cost of suit below. This makes him whole.

■ In her 10th Point, defendant complains of the introduction of the guardianship proceeding of Prudie Spencer, non compos mentis, (the grandmother of plaintiff) from which it appears that defendant received $50.00 a month from the guardian, a white man, for caring for the old negress (defendant also being a negress), as being highly prejudicial and inflammatory. The

evidence was introduced on cross-examination. Without going into details, we think the evidence from the guardianship proceedings tended to establish that the facts were otherwise than as testified to by defendant. We overrule Point 10.

■ Point 11 relating to the contention that plaintiff admittedly conveyed the 65½ acres in trust to defendant to prevent his wife and child from getting any interest therein (in a pending divorce proceeding), the court should not enforce the trust, but leave the property in the grantee. We overrule this contention. In the first place, the 65½ acre tract was then plaintiff's separate property, having been deeded to him by his grandmother, the aforesaid Prudie Spencer. Neither his wife nor his child could have acquired the title thereto in a divorce suit. There is no showing that there were present any facts under which the 65½ acres could have been subjected to any charge in favor of the wife and child in the divorce suit. Without proof of any such right, the proof that plaintiff feared his property might be subject to seizure for his wife and child (if they had no such right) would not make his conveyance of the property (made to prevent the assertion of such a right), fraudulent. Rivera v. White, 94 Tex. 534, 63 S.W. 125. But aside from that, plaintiff was entitled to have adjudged to him the title to 50½ acres of land, in virtue of the deed of conveyance thereof to him by defendant, dated in 1933. He needed no aid from a court of equity, so far as title to 50½ acres was concerned, for he owned the same in fee simple.

In passing upon the foregoing Points, we have in effect passed upon the defendant's remaining Points, and will therefore not discuss them.

The court erred in so far as it rendered judgment in plaintiff's favor for title to the entire 65½ acre tract including the north 15 acres. The judgment will be here reformed so that appellee shall recover the 50½ acres conveyed to him by the aforesaid deed of November 9, 1933 by Prudie V. Howard, and take nothing as to the 15 acres retained in said deed, and, as reformed, the judgment of the trial court will be affirmed.

Reformed and affirmed.

## On Motion for Rehearing.

According to plaintiff's version of this case, the version which the jury accepted upon the trial, the deed dated April 14, 1928, which was absolute upon its face, by which plaintiff conveyed to defendant 65½ acres of land, was intended as trust deed to vest in defendant the legal title to said land, but to leave the equitable title thereto in plaintiff. According to defendant's version of the case, the deed of 1928 was intended to convey to her (defendant) the entire title, both legal and equitable. In view of these conflicting versions, the deed of November 9, 1933, by which defendant reconveyed to plaintiff the south 50½ acres out of 65½ acres required explanation.

■ The explanation of the 1933 deed given by plaintiff was that, at the time, his equitable title was provable only by parol evidence, and that he wanted again to become vested with the entire title. Therefore, in order to get the entire title to the south 50½ acres, he orally agreed with defendant that she should have the entire title to the north 15 acres. And that it was to effect this oral agreement that the deed of 1933 was given. As plaintiff's title to the 65½ acres was equitable only, and provable only by parol, he could validly renounce to defendant, as the owner of the legal title, by parol agreement his equitable title to all of the 65½ acres, or any part less than all. Knight v. Tannehill Bros., Tex.Civ.App., 140 S.W.2d 552, writ denied; Rebold Lumber Co. v. Scripture, Tex.Civ.App., 279 S. W. 586, writ denied.

■ We have concluded that plaintiff had the right to allege and prove his explanation of why the deed of 1933 was given to him, and at the same time take the position that, since defendant repudiated parol agreement under which said deed was executed, and compelled plaintiff to prove by parol that the deed of 1928 was a trust deed, the consideration therefor had failed, and that consequently the deed of 1933 was no longer binding upon him, and sue to recover the equitable title to the entire 65½ acres, and have the deed of 1928 declared a cloud upon his title thereto.

Plaintiff's (appellee's) motion for rehearing is therefore granted, and our former judgment modifying the judgment of the trial court (by reversing and rendering so much thereof as awarded plaintiff recovery of the 15 acres) is set aside and the judgment of the trial court is affirmed.

Rehearing granted.

Former judgment set aside.

Judgment affirmed.