**DITTO v. PIPER et al.**

No. 15289.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 23, 1951.

Rehearing Denied Dec. 21, 1951.

Frank R. Graves and T. Young Collins, both of Fort Worth, for appellant.

Martin, Moore, Brewster & Dean, of Fort Worth, for appellees.

CULVER, Justice.

Tom Ditto, appellant and plaintiff below, sued appellees Elizabeth Piper and husband for title to and possession of a tract of land in the town of Arlington, Tarrant County, Texas. Appellee filed her cross-action, claiming an undivided one-half interest in the property, and based on a jury verdict, the trial court entered a judgment in her favor.

Appellant, on the death of his wife, the mother of appellee, was appointed and qualified as guardian of the estate of Elizabeth his only child, then a minor. In 1918, during the pendency of the guardianship, and while Elizabeth was about sixteen years of age, appellant conveyed the realty in question which was admittedly his separate property, to Elizabeth by warranty deed. It seems evident that this conveyance was made in anticipation of a judgment that might be rendered against appellant and subsequent judgment lien and execution. In 1924, Elizabeth, then a feme sole, and twenty-two years of age, conveyed the property back to her father by warranty deed. She testified in substance that her father told her that if she would execute this deed of conveyance, he would hold one-half of the property in trust for her, and that when it was sold, or at his death, she would get her one-half interest. The appellant denied that any such promise or agreement was ever made by him.

Appellant predicates his appeal on ten points, only four of which we shall discuss, the remainder pertaining largely to procedural matters which we consider of no merit.

Appellant's point that the evidence is wholly insufficient to support the judgment rendered is overruled. The testimony of appellee, the substance of which is given above, is sufficient in our opinion to make an issue of fact as to whether or not her father created the trust for her in this property. A trust may be engrafted on a deed by parol evidence. Faville v. Robinson, 111 Tex. 48, 227 S.W. 938; Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471. It is to be noted that Vernon's Annotated Civil Statutes, Art. 7425b–7 does not here apply inasmuch as the trust, if any, arose prior to the effective date of this statute. Sevine v. Heissner, 148 Tex. 345, 224 S.W. 2d 184.

In 1938, Elizabeth Piper, joined by her husband, executed a release as follows: "In consideration of the sum of $250, to me cash in hand paid by Tom Ditto, receipt of which is hereby acknowledged and confessed, and in consideration of the previous deliveries to me of real estate and of cash paid in distribution, the receipt of which is also hereby acknowledged and confessed, do by these presents for myself, my heirs, executors, and administrators, release and forever discharge the said Tom Ditto, individually and as guardian of my estate in probate matters, styled Guardianship of Elizabeth Ditto, a minor, in the Probate Court of Tarrant County, Texas, of and from all manner of debts, demands, obligations, liabilities, suits, and causes of action whatsoever against him, the said Tom Ditto, individually and as guardian, in any manner claimed, owned, held or possessed by me at the time of the execution of this instrument." Appellant complains that the court erred in excluding this release from the evidence. Appellant pleads this release in his third supplemental petition, asserting, "that no promise or representation was made by him to the defendants or either of them, but that if the defendants had any cause of action as alleged in their answer and cross action, then the same is barred because such suit or cause of action is within the provision of the release executed by the defendants and same has long been settled, compromised and released." The release itself was broad and sweeping in its terms and it should have been admitted in evidence. Where a release is ambiguous as to what causes of action were intended to be included, parol evidence is admissible to establish the intention of the parties at the time. Atchison T. & S. F. Ry. Co. v. Fiedler, Tex.Civ.App., 158 S.W. 265; McGranahan Lumber Co. v. Pyramid Asbestos & Roofing Co., Tex.Civ.App., 18 S.W.2d 224.

Appellee in his first counter point maintains that the release was not admissible "because it did not contain words of conveyance and could not act as a means of conveyance of the equitable title sought to be recovered by the defendant, Mrs. Piper." In support of this theory, appellee cites the case of Beaty v. Thos. Goggan & Bros., Tex.Civ.App., 131 S.W. 631, 632. This case is not in point. It merely holds that "there is nothing in the instrument nor in the evidence to indicate that, by the execution of said instrument, the grantors therein intended to pass title * * * to any land belonging to said estate." The alleged trust being oral, no formal conveyance by the cestui que trust was therefore necessary to cancel, set aside the trust or to relinquish the rights thereunder. "The cancellation of a secret trust may be shown by parol." Archenhold v. B. C. Evans Co. 11 Tex.Civ.App., 138, 32 S.W. 795. "The reason of the rule seems to be that under a resulting trust the interest of the beneficiary is primarily the possession of a right of action against the trustee which may be waived or lost in the same manner as any other cause of action." Wright v. Wright, 134 Tex. 82, 132 S.W.2d 847, 849; Barber v. Coleman, Tex.Civ.App., 173 S.W.2d 660; Knight v. Tannehill Bros., Tex.Civ.App., 140 S.W.2d 552; Rebold Lumber Co. v. Scriptures, Tex.Civ.App., 279 S.W. 586.

Appellee testified that after the conversation with her father, shortly before the execution of the deed to him in 1924, nothing was ever said between them in this connection until after the appellant had

contracted to sell the property in the spring of 1950. The appellee testified that her father offered her $1,000 if she would join with him in the deed and upon her refusal, offered her a new automobile. Incidentally, it appears that the consideration for the sale was $18,000 in cash, two automobiles and the privilege of removing the improvements from the property. This testimony was admitted over appellant's objection that the offer was in compromise and settlement of the differences between the parties and he assigns the action of the court, in overruling his objection, as error. To this, we are inclined to agree. The appellant had remarried in 1929 and the relationship between the father and the daughter had apparently become somewhat strained. In this connection there was offered by the appellant the title opinion of the lawyer who examined the abstract of the property in question for the purchaser. One of the requirements made was that appellant secure a quitclaim deed from the appellee. The basis for the requirement, as stated in the title opinion, was that the property was acquired by Tom Ditto during the lifetime of his first wife, the mother of the appellee; that the first wife died intestate prior to 1914, leaving as her sole heirs, her husband and her minor daughter, the appellee; that Tom Ditto was appointed guardian of the estate of the minor; that the property was not listed in the inventory and appraisement of the ward's estate; that the property was conveyed to Elizabeth while she was a minor and during the pendency of the guardianship and thereafter conveyed by her to appellant; that the final account and application for discharge of Tom Ditto as guardian was never finally approved; that the abstract does not show whether Elizabeth Ditto was twenty-one years of age at the time of the making of the deed from her father, and that Elizabeth Ditto might have some interest in the property theretofore inherited from her mother. Under this circumstance, the offer made by appellant to his daughter does not seem to constitute any recognition of the interest claimed by her, but on the other hand, was merely an effort to comply with the requirement so that the sale could be consummated.

The testimony on this point by appellee seems to bear out our conclusion.

"Q. When the sale came up and your father questioned your right to any of the property at all, did you assert your right then to your half interest in it? A. Why, I didn't do anything.

"Q. Well, what I mean did you claim your interest in half of it when your father came to you about the sale? A. Oh, yes."

On cross-examination:

"Q. Now you say your father came to you and offered you a $1,000 if you would sign a quitclaim deed out there? A. He sent Lindsey Brown to me to offer it.

"Q. Then Tom Ditto did not talk to you at all, did he? A. Yes, he did, he called me up over the telephone and blessed me out because I didn't sign it."

Again, she testified:

"A. He sent this lawyer to me, first, and offered me a $1,000 if I would sign the deed."

There is authority for appellees' contention that it is within the discretion of the trial court to determine from surrounding facts and circumstances whether or not the offer was in compromise and appellate court is not authorized to overrule that discretion. Merchants' Cotton Oil Co. v. Acme Gin Co., Tex.Civ.App., 284 S.W. 680. It is manifest here, however, that appellant was confronted with the necessity of securing a deed from his daughter or losing the sale. "If the object of the party in making the offer was to buy his peace, which is impliedly manifested by a mere proposition to pay a sum in settlement, it is deemed to have been made without prejudice, and will be excluded." 17 Tex.Jur. 563, Sullivan v. Missouri K. & T. R. Co., 110 Tex. 360, 220 S.W. 769.

The title opinion was offered by appellant "solely for the purpose of showing there was a legal technicality involved and not the question of the recognition of a half interest or any interest which she might have." The appellant complains that the exclusion of this testimony was error, and this contention is upheld. The objection leveled by the appellee and sustained by the trial court was that the title

opinion was "hearsay." With this, we do not agree. It was not hearsay that the title examiner made the requirement that the appellee execute her quitclaim deed. This was a fact and proved by the best evidence of that fact, namely, the title opinion. It was a fact that the appellant could not consummate his sale without meeting this requirement. The offer by appellant to his daughter was put in evidence by appellee before the jury for the purpose of proving that the express trust had been consummated in 1924, and that the appellant recognized its validity by making this offer. It was error then on the part of the trial court to deny appellant the right to explain why the offer was made. "Testimony which tends to explain or increase the probability of a relevant fact is competent." 17 Tex. Jur. 335; Gulf, C. & S. F. Ry. Co. v. Sullivan, Tex.Civ.App., 190 S.W. 739.

For the errors above pointed out, the cause is reversed and remanded.